## In re SCHIMMEL.

(District Court, E. D. Pennsylvania. February 26, 1913.)

### No. 3,932.

BANKRUPTCY (§ 228*)—ORDERS OF REFEREE—REVIEW.

A trustee filed a petition with a referee for an order requiring the bankrupt to turn over property and the bankrupt appeared and answered. At the close of the evidence introduced by the trustee, the bankrupt made a motion to dismiss, which was denied with leave to him to introduce evidence. *Held*, that such order was not final, but interlocutory and discretionary, and was not reviewable.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 387; Dec. Dig. § 228.*]

In the matter of Samuel Schimmel, individually and trading as the Central Gas Appliance Company, bankrupt. On rule to dismiss proceedings for review of order of referee. Rule made absolute, and proceedings dismissed.

Carr, Beggs & Steinmetz, of Philadelphia, Pa., for trustee.
Wessel & Aarons, of Philadelphia, Pa., for bankrupt.

THOMPSON, District Judge. The trustee filed with the referee a petition averring that the bankrupt had in his possession or under his control the sum of $18,192.12 in cash, which was the property of his estate in bankruptcy, and praying that an order be made on the bankrupt requiring him to pay the above sum to the trustee. The bankrupt, being ordered to show cause, filed an answer denying generally the averments of the petition, and praying that it be dismissed with costs. Testimony in support of the petition was taken before the referee, at the conclusion of which counsel for the bankrupt moved that the petition be dismissed for want of proof, reserving the right to take testimony contra, if the motion was denied. The referee thereupon made the following order:

"Referee enters of record that without minutely considering the proof it appears bankrupt is chargeable with recently purchased goods approximately of the value of $40,000, and had on hand at time of his insolvency goods valued by him at approximately $10,000. On this showing it is incumbent on the bankrupt to explain the loss of his assets. The motion to dismiss the petition is refused."

The bankrupt filed a petition for a certificate for review assigning as error the action of the referee in overruling the bankrupt's motion to dismiss the petition for order to pay for want of proof and in deciding that the trustee had established a prima facie case sufficient to put the bankrupt to a defense in reply thereto. In the certificate, the ref-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

eree, after stating the circumstances in connection with the motion to dismiss and his order thereon, states:

"Under these circumstances I consider my order a discretionary order. not properly a subject of review, as I do not think that the referee should hear argument in a matter of this nature until the attorney for the bankrupt is prepared to rest his proof on the testimony taken."

Upon petition of the trustee the court granted a rule upon the bankrupt to show cause why the petition for review should not be dismissed, the certificate stricken off, and the bankrupt directed to proceed with his defense to the trustee's petition. The question presented, therefore, is whether the order of the referee refusing the bankrupt's motion to dismiss the petition for want of proof is, under the circumstances of this case, such an order as should be certified for review. The referee in refusing the motion in effect sustained the evidence as prima facie sufficient to support an order upon the bankrupt to pay. Upon a review of the present order, the effect of the bankrupt's reservation of his right to produce testimony would be to give him his day in court before the referee, and then, if the decision should be adverse to him and the referee's order should be affirmed, to give him the benefit of another day in court before the referee to make his defense. No precedent has been cited by counsel upholding such a rule of practice. Upon refusal of the motion to dismiss, the bankrupt should either proceed with his case or rest it upon the testimony produced by the trustee. If he chose the latter course, the referee would make an order upon the bankrupt to pay or dismiss the petition for want of proof.

Under section 38 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 555 [U. S. Comp. St. 1901, p. 3435]) jurisdiction is conferred upon referees as follows:

"Referees respectively are hereby invested, subject always to a review by the judge, within the limits of their districts as established from time to time, with jurisdiction to (4) perform such part of the duties, except as to questions arising out of the applications of bankrupts for compositions or discharges, as are by this act conferred on courts of bankruptcy and as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts, except as herein otherwise provided."

General Order 27 (89 Fed. xi, 32 C. C. A. xxvii) provides:

"When a bankrupt, creditor, trustee, or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of; and the referee shall forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

The extent of the jurisdiction of referees has been quite thoroughly examined in the case of Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. In that case the referee had made an order on Nugent, a creditor, to show cause why an injunction should not be issued restraining him from disposing of certain money alleged to belong to the estate of the bankrupt, and for an order requiring him to pay the money to the trustee. The respondent objected that neither the court nor the referee in bankruptcy had any jurisdiction to make an order or to require the respondent to answer. The referee held the answer insufficient, and made absolute the rule and entered an order on

Nugent to pay over the sum in question. The referee on petition of the respondent certified the proceedings to the District Court, which affirmed the order of the referee. The conclusion of the Supreme Court upon review of the applicable sections of the Bankruptcy Act and the general orders was in the following language:

"We think the referee has the power to act in the first instance in matters such as this, when the case has been referred, and in aid of the court of bankruptcy, and exercises in such cases 'much of the judicial authority of that court.' White v. Schloerb, 178 U. S. 542 [20 Sup. Ct. 1007, 44 L. Ed. 1183.]"

The proceeding before the referee in the case at bar was upon a rule to show cause based upon petition of the trustee, and issue was joined by the filing of an answer by the bankrupt. The order consequent upon such proceeding would be an order upon the bankrupt to pay or an order dismissing the petition. Until a final order is made in those proceedings, the bankrupt is not entitled by section 39 (5) of the Bankruptcy Act taken in connection with general order 27 to have the proceedings before the referee on the trustee's petition reviewed. It clearly is within the jurisdiction of the referee upon refusing the motion to dismiss the petition to require the bankrupt to proceed with his proof, and, if he fails to do so, to enter either an order upon the bankrupt to pay or an order dismissing the petition. It is unnecessary to review the provisions of the Bankruptcy Act conferring jurisdiction upon referees, and the general orders in this connection, but it should be borne in mind that the purpose of the appointment of referees as stated in section 37 is to "assist in expeditiously transacting the bankruptcy business pending in the various courts of bankruptcy." The review of an order of a referee before a final order is made in the particular proceeding pending before him would tend to delay rather than expedite the transaction of bankruptcy business, and to impose upon the court the determination of questions which must in the first instance be left to the discretion of the referee if the purpose of his appointment is to be carried out. That a review is intended to lie only upon a final order in the pending matter is apparent by the provisions of general order 27, which provides what is to be set out in the certificate for review as follows: (1) The question presented; (2) a summary of the evidence relating thereto; (3) the finding of the referee; and (4) the order of the referee thereon. The finding of the referee in the present case should be such as would warrant either an order to pay or an order dismissing the petition. Therefore the refusal of the motion to dismiss should be followed by a final order upon the rule, unless the bankrupt proceed with his defense.

The proceedings upon certificate for review should therefore be dismissed, and it is so ordered.