In re GRABOYES.

(District Court, E. D. Pennsylvania. December 28, 1915.)

No. 5340.

BANKRUPTCY ⬤455—REFEREES—REVIEW OF PROCEEDINGS—PROCEEDINGS REVIEWABLE.

A petition for an order requiring a bankrupt to pay over certain moneys contained specific averments of facts regarding his acquisition and payments of money. The bankrupt's answer ignored the averments of the petition beyond those purely formal, and set up other statements of fact. The referee thereupon ordered him to answer the petition. *Held*, that this order would not be reviewed, as the court is not called upon to regulate the minutest details of the practice before referees through petitions for review, and the proceedings could not be made the subject of piecemeal appellate action, but should be reviewed after final judgment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 916; Dec. Dig. ⬤455.]

In Bankruptcy. In the matter of Abraham Graboyes, bankrupt. On petition for review or order of referee. Petition dismissed, and cause remitted to the referee.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

William F. Berkowitz and Samuel W. Salus, both of Philadelphia, Pa., for bankrupt.

Alfred T. Steinmetz, of Philadelphia, Pa., for trustee.

DICKINSON, District Judge. The order of the referee asked to be reviewed is of the merest interlocutory character. A petition was filed, asking for an order on the bankrupt to pay over certain moneys averred to be in his possession. An order in the nature of a rule to show cause issued. The bankrupt assumed to answer the petition on which the rule was allowed. Instead of answering it, he sets up statements of fact from which it is supposed he wishes the referee to find that he has nothing in his possession belonging to the bankrupt estate. In doing this he ignores the averments of the petition beyond those which are purely formal, and what is filed as an answer is no answer at all. He is thereupon ordered by the referee to answer. From this order he now appeals.

The practice of taking appeals from interlocutory orders is one not to be encouraged. It is the exceptional case where good to any one results from the practice. The evil consequences are to bring about conditions of interminable delays, which are insufferable. There is no call upon the court through petitions for review to attempt to regulate the minutest details of the practice before referees. There is no need for the court to interfere in this instance. The petition for a review is without legal merit. There is also, so far as is shown, an absence of merit in fact. If the bankrupt answers at all, his answer should be a real answer, and responsive. The petition consists in the main of a number of specific, clear-cut averments. They are consecutively numbered. Those from 1 to 3, inclusive, are more or less formal. The others begin with the assertion as a fact of the statement that on July 1, 1914, the bankrupt had on hand stock to the value of at least $9,500. This is followed by equally specific statements that he added to this stock by purchases to a named sum, and that he received moneys from the collection of accounts and from the proceeds of loans and other specifically named sources to a given amount. The aggregate sum which thus came to the bankrupt is set forth. The admission is then made of disbursements out of these moneys by the bankrupt to a stated amount, and certain sums of money or other property otherwise gone out of the possession of the bankrupt, leaving in his hands only a named balance of the moneys received.

The bankrupt answered the averments 1, 2, and 3. Each of the other averments could have been as categorically answered. None of them are. We do not feel called upon to express an ex parte opinion upon the practice followed in this case. The bankrupt must decide for himself in the first instance the course he will pursue. He may, of course, refuse to answer at all. When the consequences of such a refusal reach the stage of the final judgment, which is the proper subject of appellate review, the whole proceedings are brought before the court. He may file an evasive answer. Certain consequences may follow this, and when they have ripened into final judgment an appeal brings them

before the court. The proceedings, however, should not be made the subject of piecemeal appellate action.

The petition for review is therefore dismissed, and the cause remitted to the referee, to be proceeded with to final order.