**LIEBERMAN et al. v. BANCROFT et al.**

## In re NATIONAL DEPARTMENT STORES, Inc.

### No. 5278.

Circuit Court of Appeals, Third Circuit.
Feb. 9, 1934.

Frank A. Chalmers, Edward Davis, Lemuel B. Schofield, Illoway & Fischer, Jenkins & Bennett, Horenstein, Feldman & Harvey, and Aarons, Weinstein, Stone & Goldhaber, all of Philadelphia, Pa., for appellants.

Grover C. Ladner, of Philadelphia, Pa., Jacob S. Demov, of New York City, and Reuben Satterthwaite, of Wilmington, Del., for appellees.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Eastern District of Pennsylvania. The pertinent facts are as follows:

On February 6, 1933, a petition in bankruptcy was filed in the District Court of Delaware against National Department Stores, Inc., a Delaware corporation. On February 7 ancillary receivers were appointed for the bankrupt by the District Court for the Eastern District of Pennsylvania. According to the petition of the ancillary receivers, they took possession of two department stores, which, although operated under the name of Frank & Seder, were claimed by the trustees as property of the bankrupt; the appellants alleging, however, that these stores were at the time of the bankruptcy operated by Frank & Seder Company, a Pennsylvania corporation, and not by the bankrupt. On February 10 an involuntary petition in bankruptcy was filed in the Eastern District of Pennsylvania against Frank & Seder Company. The answer filed by that company denied that the petitioners were its

creditors. The issue thus raised was undetermined at the time of this appeal. On February 20 a bill in equity was filed in the District Court for the Eastern District of Pennsylvania praying for the appointment of a receiver for Frank & Seder Company. The answer denied that the complainant was a creditor of that company. This issue was referred to a special master and was likewise undetermined at the time of this appeal. On September 6 the trustees of National Department Stores, Inc., petitioned the District Court for the Eastern District of Pennsylvania for an order on the ancillary receivers to turn over the assets of the bankrupt and to file their account. The Harrison Leather Goods Company, in an answer to this petition, alleged that it was a creditor of Frank & Seder Company, and asked that the prayer of the trustees be denied on the ground that the assets in the hands of the ancillary receivers were the property of Frank & Seder Company and not of the bankrupt. On October 2 the District Court for the Eastern District of Pennsylvania entered a decree in which it directed the ancillary receivers to deliver the assets in their possession to the trustees of National Department Stores, Inc., and to file their account. The decree reads as follows:

"And now, to wit, this 2nd day of October, A. D. 1933, upon consideration of the petition of Joseph Bancroft, Samuel C. Lamport and Harry H. Schwartz, Trustees in bankruptcy of National Department Stores, Inc., and the Answer of the Ancillary Receivers filed thereto, after oral hearing, and on motion of Reuben Satterthwaite, Jr., Esq., and Jacob S. Demov, Esq., counsel for the said Trustees, it is hereby Ordered, Adjudged and Decreed:

"1. That James C. Crumlish, William White and Harry Bernbaum, Ancillary Receivers of National Department Stores, Inc., for the Eastern District of Pennsylvania, are hereby directed to turn over and deliver to Joseph Bancroft, Samuel C. Lamport and Harry H. Schwartz, Trustees of National Department Stores, Inc., all of the assets of said bankrupt estate now in their possession or under their control, (including all rents collected by said Ancillary Receivers from subtenants of portions of premises 1023–25 Market Street, Philadelphia), excepting therefrom United States Government Treasury Certificates in the principal sum of $250,000 subject to the conditions hereinafter set forth.

"2. The assets so turned over to the said Trustees, (except the rentals so collected

from subtenants), are impressed with a lien in favor of all creditors, whether merchandise, use and occupation, administration expenses including allowances to Ancillary Receivers, and Ancillary Receivers' Counsel, or otherwise incurred by the said Ancillary Receivers, and the Trustees prior to the delivery of the same to them by the said Ancillary Receivers, shall execute a stipulation to be filed of record, agreeing thereto, and further that none of the said assets will be removed from the jurisdiction of this Court until the said obligations are fully paid and satisfied. The said rentals so collected from subtenants of portions of premises 1023–25 Market Street, Philadelphia, shall be held by the Trustees, subject to the determination of the right, if any, thereto by the R–W Realty Company or the claim, if any, of the R–W Realty Company.

"3. Of the United States Government Treasury Certificates retained by the Ancillary Receivers, the principal sum of $90,000.00 shall be segregated in an earmarked fund and held for the following purposes, to wit:— If any Creditors of Frank & Seder units of the National Department Stores, Inc., shall within the time prescribed in the notice to be given by the Ancillary Receivers under Paragraph '9' of this decree, file objections with said Ancillary Receivers or this Court to the turning over of the remaining assets then held by the Ancillary Receivers to the Trustees herein, upon the ground that said objectors are Creditors of Frank & Seder Company of Philadelphia, a Pennsylvania corporation, and that the assets in the aforesaid units are the assets of the said Frank & Seder Company of Philadelphia, and that by reason thereof they are entitled to be paid the amount of their respective claims out of said assets, the said fund so held, or so much thereof as may be required, shall be used to discharge or comply with any judgment or decree that may be entered into herein upon an adjudication of the rights of said Creditors with respect to the assets of the said Frank & Seder units. Upon the expiration of the time for the filing of the said objections or claims, the Court may upon application of the Trustees herein require such portion of said certificates as in its opinion shall exceed the amount of said claims to be turned over to the Trustees. Upon final adjudication of the said claims, any balance in the hands of the said Receivers shall be turned over to Trustees.

"4. The Ancillary Receivers shall forthwith, out of the surplus in their hands, after setting aside and earmarking the said certificates, set aside additional certificates in the principal sum of $160,000.00 subject to a decree of this Court upon the final accounting, for the purpose of paying the Receivers' fees, fees of counsel to the Receivers and any other Ancillary Receivership administration expenses, special master's fees and other disbursements incident thereto, and any claim of the Commonwealth of Pennsylvania for taxes, any surplus remaining after the payment of such items to be, as soon as all payments are made, paid over and delivered to the Trustees, with leave to the Trustees at any time to present a petition to this Court for the withdrawal and paying over to them of such portion of said fund as, in the opinion of this court, may not be required for this purpose.

"5. The Ancillary Receivers shall, on or before the 20th day of October, 1933, file an account as such Receivers and the question of administration expenses, including compensation to Ancillary Receivers, their counsel, appraisers, etc., shall be determined at the audit of said account by this Court.

"6. This Court retains jurisdiction to determine all questions relating to title of the assets in this District, special rights claimed by the creditors who allege that they did not sell merchandise to National Department Stores, Inc., the bankrupt, but that they sold merchandise, instead, to Frank & Seder Company of Philadelphia, a Pennsylvania corporation; the rights of landlords as lien claimants, if any, and also landlords of any store for use and occupancy by the Ancillary Receivers located in the Eastern District of Pennsylvania, and on the determination of any amount found to be due any of the aforesaid creditors who establish their rights in this jurisdiction, the same shall be paid by James C. Crumlish, William White and Harry Bernbaum, Ancillary Receivers, out of the funds so retained in their possession, and if such funds be insufficient, Trustees agree to pay any deficiency from funds coming into their possession, through the sale of assets turned over by the Ancillary Receivers, as set forth in Paragraph '2' hereof.

"7. The rights, duties and powers of the said Ancillary Receivers shall forthwith terminate, excepting for the purposes hereinbefore set forth, to wit, to hold the aforesaid sum or any other sums directed by the Court for the purposes set out in this decree, pending the determination of the issues set forth herein.

"8. Joseph Bancroft, Samuel C. Lam-

port and Harry II. Schwartz, Trustees, may at any time present to this Court a petition for the fixing of a definite time within which any lien claimant, if any, or landlord, of any store for use and occupancy by the Ancillary Receivers, or any party making a claim to the assets by reason of the alleged ownership thereof by Frank & Seder Company of Philadelphia, must present his claim to this Court or be debarred from action thereon by this Court and be relegated to the Court of primary jurisdiction.

"9. The Ancillary Receivers are hereby directed to mail within ten days after the filing of their account to each of the known Creditors of the Philadelphia Frank & Seder units of the National Department Stores, Inc., notice of filing, to the effect that they have filed their account, and that an application will be made to this Court on a date to be specified in said notice, which shall be not less than ten days after the mailing of said notice for the confirmation of the said account and the passing upon the requests for allowances by the Ancillary Receivers, counsel and others, for a decree permitting the Ancillary Receivers to turn over to the Trustees all of the remaining assets in their possession, and that unless such Creditors file objections with either the Ancillary Receivers or the Court before the aforesaid specified date, that they will be debarred from action thereon by this Court and be relegated to the Court of primary jurisdiction. Should additional expenses be incurred by the Ancillary Receivers after the filing of their account before the distribution of the fund remaining in their possession, that the same may be deducted from such fund with the approval of the Court.

"10. All restraining orders or injunctions heretofore entered in this proceeding, inconsistent with this decree, are hereby vacated."

No appeal was taken from this decree by the Harrison Leather Goods Company, but on October 4 the appellants, interveners in the equity proceedings previously mentioned, petitioned as creditors of Frank & Seder Company and moved to vacate the decree set out above. This appeal is taken from the order of the District Court refusing to vacate the decree.

The appellees have moved to dismiss the appeal on the ground, inter alia, that this court has no jurisdiction. They allege that the decree is an interlocutory order which does not settle any of the rights of the appellants and is not a final order within the meaning of 11 USCA § 47.

The applicable statute reads as follows:

"(a) The Supreme Court of the United States, the circuit courts of appeal of the United States, the Court of Appeals of the District of Columbia, and the supreme courts of the Territories, in vacation, in chambers and during their respective terms, are invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases.

"(b) The several circuit courts of appeal and the Court of Appeals of the District of Columbia shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law (and in matter of law and fact the matters specified in section 48 of this title) the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised by appeal and in the form and manner of an appeal, except in the cases mentioned in said section 48 of this title to be allowed in the discretion of the appellate court."

In Jurgenson v. National Oil & Supply Co., 63 F.(2d) 727, this court indicated that section 47 (a) regulated appeals in cases of controversies arising in bankruptcy proceedings, and section 47 (b) applied to proceedings in bankruptcy. Similar rulings are found in other circuits. Barnes v. Pampel (C. C. A.) 192 F. 525; In re Prudential Lithograph Co. (C. C. A.) 270 F. 469, certiorari denied 256 U. S. 692, 41 S. Ct. 534, 65 L. Ed. 1174; Childs v. Ultramares Corp. (C. C. A.) 40 F.(2d) 474.

If the instant case involves a controversy arising in bankruptcy proceedings, section 47 (a) applies, and no appeal is available until final judgment; if it involves a proceeding in bankruptcy, section 47 (b) applies, and an appeal may be taken from an interlocutory order. The dispute is between the trustees representing the bankrupt estate and the appellants claiming adversely to the bankrupt estate and its creditors. We conclude therefore that the claim of the appellants is a controversy arising in bankruptcy proceedings rather than a proceeding in bankruptcy.

The order of the District Court does not purport to make a final determination of the rights of the bankrupt estate and of Frank

206

& Seder Company in the two Pennsylvania stores. Should a receiver be appointed or a trustee elected for Frank & Seder Company, that issue may still be raised by appropriate pleadings. Tested by these standards, the decree is interlocutory, and the appeal, being premature, must be dismissed.

In view of our conclusion upon the motion to dismiss, we deem it unnecessary to discuss the merits of the contentions advanced by the appellants. Moreover there is nothing in the record to show that the fund withheld in accordance with the District Court's decree and consisting of $250,000 in government certificates is insufficient to meet all claims chargeable against it, including the appellants' claim for $1,642.75. The motion to dismiss the appeal is granted.

Appeal dismissed.