KELSO et al. v. MACLAREN.

In re KELSO BROS. ROOFING CO., Inc.

No. 12049.

Circuit Court of Appeals, Eighth Circuit.

Oct. 16, 1941.

Jule M. Hannaford, III, of Minneapolis, Minn. (Kenneth M. Owen and Fletcher, Dorsey, Barker, Colman & Barber, all of Minneapolis, Minn., on the brief for appellants Pioneer Coal & Supply Co. and Duluth Home Builders, Inc.; R. Vern Eckman, of Duluth, Minn., on the brief for appellant Daniel P. Kelso), for appellants.

Henry A. Courtney, of Duluth, Minn. (James J. Courtney and Courtney & Courtney, all of Duluth, Minn., on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal in bankruptcy from an order of the judge affirming on review two orders of the referee.

The two orders of the referee affirmed by the judge were· made on the same day. One of the orders denied a motion of the three appellants challenging the jurisdiction of the bankruptcy court to hear and determine a petition of the trustee for a turn-over order. The other order of the referee denied a motion of the appellant Pioneer Coal & Supply Company to withdraw its claim previously filed against the bankrupt estate. The order of affirmance appealed from will be considered with reference to the referee's orders separately.

We are met at the threshold with a motion by the trustee to dismiss the appeal on the ground that this court is without jurisdiction because the order of the judge is not appealable. Since under the issues the two orders of the referee are controlled by different rules, it will be more satisfactory to consider the case as if there were two appeals from two orders affirming the orders of the referee.

(a) *The Petition for Turn-Over Order.* —The trustee joined in one petition a prayer for a turn-over order directed to the three appellants to recover different property from each of them. No objection was made to the joinder. Each appellant entered a special appearance and moved separately to dismiss the petition on the grounds that the bankruptcy court is without jurisdiction to adjudicate the controversy in a summary proceeding because (1) the appellants are adverse claimants; (2) the appellants have not consented to the

summary jurisdiction of the bankruptcy court; and (3) the controversy can, therefore, be adjudicated in a plenary action only.

An order to show cause was entered by the referee and on the return day he properly had a hearing to determine the preliminary question of jurisdiction, at the conclusion of which he entered an order denying the motions. On filing of a petition to review by the three appellants the referee certified his report to the court, stating the history of the proceedings, the questions presented and including a purported summary of the evidence and transcript of the testimony. This report was defective in two essential particulars. It did not contain any findings of the jurisdictional facts nor conclusions of law, and it did not set out the exhibits referred to in the oral testimony.

Section 39 of the Amendment to the Bankruptcy Act of June 22, 1938, 11 U. S.C.A. § 67, sub. a(8), provides: "a. Referees shall * * * (8) prepare promptly and transmit to the clerks certificates on petitions for review of orders made by them, together with a statement of the questions presented, the findings and orders thereon, the petition for review, a transcript of the evidence or a summary thereof, and all exhibits."

Order 47 of General Orders in Bankruptcy, 11 U.S.C.A. following section 53, 305 U.S. 681, 702, provides: "Unless otherwise directed in the order of reference the report of a referee * * * shall set forth his findings of fact and conclusions of law. * * *"

The trustee's petition for the turn-over order alleged that prior to the institution of the bankruptcy proceeding the bankrupt had made certain fraudulent and preferential transfers of property to each of the appellants.

It is clear that the proceeding instituted by the trustee presented a "controversy arising in a proceeding in bankruptcy" as distinguished from an administrative "proceeding in bankruptcy". 11 U. S.C.A. §§ 46 and 47. When the appellants challenged the summary jurisdiction of the court, the court had power to enter upon a preliminary inquiry to determine (1) whether the adverse claims are real and substantial or merely colorable. Harrison v. Chamberlin, 271 U.S. 191, 194, 46 S.Ct.

467, 70 L.Ed. 897, and (2) whether the bankruptcy court had actual or constructive possession of the property, Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876; Harris v. Avery Brundage Co., 305 U.S. 160, 163, 59 S.Ct. 131, 83 L.Ed. 100; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770. Unless these essential facts are found to exist a court of bankruptcy is without jurisdiction to adjudicate in a summary proceeding a controversy in reference to property held adversely to the bankrupt estate, but resort must be had to a plenary suit. Harrison v. Chamberlin, supra; and see cases cited in Magnolia Petroleum Co. v. Thompson, 8 Cir., 106 F.2d 217, 222; In re Mt. Forest Fur Farms of America, Inc., 6 Cir., 122 F. 2d 232, 238.

The referee made no finding of any of these essential jurisdictional facts, and the order of affirmance contains no findings of fact nor conclusions of law.

We call attention to the condition of the record particularly in the hope that if the case comes to this court again upon an appeal from a final order the irregularities and errors referred to shall have been corrected. At this time the appeal must be dismissed upon the motion of the trustee because the determination of the existence of summary jurisdiction, such as was made in this case without passing upon the merits, is not a final order, and is not appealable. Section 24, sub. a, of the Bankruptcy Act, as amended by the Act of June 22, 1938, 11 U.S.C.A. § 47, sub. a, provides for appeals "* * * in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy, to review, affirm, revise, or reverse, both in matters of law and in matters of fact." Under this section appeals in "controversies" may be taken to this court from final orders only. Goldie v. Carr, 9 Cir., 116 F.2d 335; Hoehn v. McIntosh, 6 Cir., 110 F.2d 199; Stein v. Elizabeth Trust Co., 3 Cir., 104 F.2d 777, 779; Lieberman v. Bancroft, 3 Cir., 69 F. 2d 202, 205; Triangle Electric Co. v. Foutch, 8 Cir., 40 F.2d 353; Pearson v. Higgins, 9 Cir., 34 F.2d 27; In re Federal Photo Engraving Corporation, 2 Cir., 54 F.2d 628.

(b) *Denial of the Right to Withdraw a Claim.*—The appellant Pioneer Coal & Supply Company, a corporation, filed its

claim against the bankrupt estate for $1,-033.06 based upon an open account for $10 and a promissory note for $1,023.06.

The trustee filed objections to the claim alleging First, (1) that the note had not been presented to the trustee and was not filed with the claim, and (2) that the claim was without consideration and fraudulent.

The Second, Third and Fourth objections were that prior to the commencement of the bankruptcy the bankrupt had for the purpose of hindering and delaying its creditors fraudulently transferred to the claimant certain property rights. A comparison of these objections with the claims asserted in the petition for a turn-over order discloses that the alleged fraudulent transfers to the Pioneer Coal & Supply Company are the same in each instance. The objections concluded with a request that the claim be rejected, if "the evidence so warrants", and that the claimant be required to pay over to the trustee such amount as the claimant may be found indebted to the bankrupt, or that if the property received from the bankrupt shall have been disposed of by the claimant it be required to account for the value of such property.

Thereafter the appellant moved to withdraw its claim and the second order reviewed by the court in this proceeding was entered denying the motion to withdraw.

The motion to dismiss the appeal from the order of affirmance is clearly without merit. The motion is based upon the assertion that the appellant's motion to withdraw its claim and the order affirming the denial of such rights is a "controversy" and not a "proceeding" in bankruptcy. This is an erroneous view of the meaning of the statute and of the authorities. Taylor v. Voss, 271 U.S. 176, 180, 181, 46 S. Ct. 461, 70 L.Ed. 889. The filing of the claim, the motion to withdraw it, and the rulings thereon constitute a proceeding only and not a controversy in bankruptcy. The order is therefore appealable, although interlocutory, under the Bankruptcy Act.

On the merits, the order appealed from must be affirmed. General Order in Bankruptcy 37, promulgated by the Supreme Court, January 16, 1939, provides that "the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, shall, in so far as they are not inconsistent with the [Bankruptcy] Act or with these general orders, be followed as nearly as may be."

Rule 41(a) (2) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that: "An action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court."

In this instance the claim was filed January 30, 1940. The trustee's objections, including the counterclaim, were filed September 6, 1940, and notice thereof was filed September 7, 1940. The claimant's motion to withdraw its claim was thereafter filed September 17, 1940. On the same day the trustee objected to the withdrawal.

No reason is suggested, and none is perceived by the court, why the rule should not apply. The first part of the rule gives to the court a discretion in such a case, and without a showing of abuse of that discretion this court cannot reverse. No such showing has been made. In these circumstances we need not consider whether the "counterclaim can remain pending for independent adjudication by the court." That question will be determined when the trustee's contention that his petition for a turn-over order may be adjudicated in a summary proceeding is settled.

The motion to dismiss the appeal from the order affirming the referee's denial of appellants' motions challenging the summary jurisdiction of the court to adjudicate the trustee's petition for a turn-over order is sustained on the ground that it is an interlocutory order in a controversy in a proceeding in bankruptcy and is not appealable. The motion to dismiss the appeal from the order affirming the referee's denial of Pioneer Coal & Supply Company's motion to withdraw its claim is denied, and the order is affirmed.