UNIVERSAL OIL PRODUCTS CO. et al. v. COSDEN PETROLEUM CORPORATION.

No. 12890.

United States Court of Appeals Fifth Circuit.

Dec. 19, 1949.

496

Ogden K. Shannon, Fort Worth, Tex., Adam M. Byrd, Chicago, Ill., for appellants.

Alfred C. Aurich, Philadelphia, Pa., Nelson Phillips, Jr., Dallas, Tex., Henry Zweifel, Fort Worth, Tex., for appellee.

Before HUTCHESON, WALLER, and RUSSELL, Circuit Judges.

HUTCHESON, Circuit Judge.

The proceeding from which this appeal comes was begun by motion for a show cause order filed July 28, 1947, amended Feb. 15, 1949, in the matter of Cosden Oil Corporation, No. 1921 in Bankruptcy, U.S. District Court for the Northern District of Texas.

Its object was, in a summary proceeding, in bankruptcy; to avoid and set aside an order of the bankruptcy court dated Dec. 14, 1935, approving a contract of settlement and license agreement between the trustee and Universal Oil Products Co. and all contracts and payments based thereon or resulting therefrom; to recover from Universal all amounts paid to it by the trustee and by petitioner Cosden Petroleum Corporation; and to enjoin Universal from asserting any claim for royalty payments under, or growing out of, said license agreement and all amendments or supplements thereto.

Copy of the show cause order was served on the Universal companies, hereafter ( called Universal, in Chicago, Ill., and, by appropriate motions, Universal challenged the jurisdiction of the court over subject matter and person, its summary jurisdiction, the sufficiency of the process, and of the attempted service as to the supplemental petition or motion as a whole, and as to each and every particular ground with respect to which they were ordered to show cause.

Their motions denied, defendants, appealing from the order denying them, are here insisting that the order was erroneous and may not stand.

Appellees, pointing out that the order sought to be appealed from is not a final order but an interlocutory order in a "controversy arising in proceedings in bankruptcy", have moved to dismiss the appeal.

Appellants, not at all denying appellee's premise that the appealed order was issued in a controversy arising in proceedings in bankruptcy and is interlocutory, insist that under Sec. 24, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 47, sub. a,[1] the order, though interlocutory, is appealable.

We do not think so. Read in its own light in the light of the authorities cited and relied on by appellees,[2] we think it

1. This provides that the circuit courts of appeal are "* * * invested with appellate jurisdiction from the several courts of bankruptcy in their respective jurisdictions in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy, to review, affirm, revise, or reverse, both in matters of law and in matters of fact * * *."

2. In re Christ's Church of the Golden Rule, 9 Cir., 172 F.2d 523; Petersen v. Sampsell, 9 Cir., 170 F.2d 555; Goldie v. Carr, 9 Cir., 116 F.2d 335; Kelso v. Maclaren, 8 Cir., 122 F.2d 867; Liberman v. Bancroft, 3 Cir., 69 F.2d 202; In re

497

quite clear that the invoked section permits appeals from interlocutory orders only where they are issued in "proceedings in bankruptcy" and that it does not permit appeals from such orders issued, as here, "in controversies arising in proceedings in bankruptcy."

Appellant's reliance on the statement[3] of this court in its opinion in Leco Properties v. R. E. Crummer Co., 5 Cir., 128 F.2d 110, 112, will not do. For, as appears from the motion to dismiss, the briefs in support, and the decision in that case, the statement relied on was neither necessary to the decision of the point argued, nor responsive to the arguments made. No attempt was made in the Leco case either by court or counsel to distinguish as to appealability of interlocutory orders between "proceedings in bankruptcy" and "controversies, arising in proceedings in bankruptcy". What, and all, that was argued[4] there was whether the orders appealed from were interlocutory. What was decided there, and all that was decided, was that "neither of the orders is interlocutory, each purports to be, each is a final order."

Because the order appealed from is interlocutory, and this court is without jurisdiction of the appeal, the appeal is

Dismissed.

Federal Photo Engraving Corp., 2 Cir., 54 F.2d 628; Childs v. Ultramares Corp., 2 Cir., 40 F.2d 474.

3. "But if they were interlocutory they are orders in controversies, arising in proceedings in bankruptcy and appealable whether interlocutory or final, under Sec. 47, Title 11 U.S.C.A.".

4. The movant insisted that the proceeding in which the orders appealed from had

been entered was "neither a proceeding in bankruptcy nor was it a controversy arising in bankruptcy", but a proceeding in civil contempt, while the appellants, in reply, not at all disputing this point, urged that upon either theory of ap-

pellees, "it is apparent that the order of Oct. 24th, 1941 is a final decision granting a permanent injunction which is appealable to this court and the order of November 1st was a final order fixing damages for contempt".