CITY OF FORT LAUDERDALE v. FREEMAN et al.

No. 13927.

United States Court of Appeals Fifth Circuit.

May 10, 1952.

C. A. Hiaasen, James M. Crum and Thomas O. Berryhill, all of Fort Lauderdale, Fla., for appellant.

John W. Fleming, T. F. Fleming, Fort Lauderdale, Fla., Charles H. Warwick, Jr., West Palm Beach, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Aggrieved at an order [1] of the district judge, which had affirmed the order of the referee deferring action on the city's petition and continuing the trustee in possession, the City, appealing on a statement of points and a limited record, is here insisting that the order appealed from was erroneously entered and must be reversed.

The trustee, pointing out that the orders of referee and judge were not final but interlocutory, indeed were not in a legal sense dispositive, insists: (1) that the referee's order [2] was not reviewable [3] by the judge; and (2) that the judge's order was not appealable.

In addition, insisting that the appeal should be dismissed as moot, it attaches to its motion an order [4] of the referee dated Feb. 29, 1952, ordering the trustee to liquidate the assets of the bankrupt and to abandon and vacate the premises occupiea by him.

In support of its second point, appellee, pointing to the nature of the relief sough\ by appellant and canvassing the cases dealing with the distinction between a proceeding in bankruptcy and a controversy arising in a proceeding in bank-

---

1. The order in addition to providing that the order of the referee is hereby affirmed, further declared:

   "Inasmuch as this affirmance leaves the Trustee in possession of a large part of the leased premises, and the Court being of the opinion that there should be a termination of this possession at the earliest practical date under all the circumstances, and being of the opinion that the rent to be paid the landlord for that portion of the premises retained should be predicated insofar as possible upon the rental fixed in the original lease, the Court makes these comments for the guidance of the Referee in the further administration of this estate:

   "The referee should direct that the issues be made up and evidence adduced without any undue delay so that the case now in bankruptcy may be concluded before Sept. 1, 1952, so that the entire property may be restored to the City before the next winter season. The Referee, in fixing the reasonable rental for the portion of the premises retained by the Trustee, should base such reasonable rental in light of the rental provided for in the original lease, so that the general creditors will not profit to the detriment of the landlord."

2. This order, canvassing the city's petition, reciting that no testimony had been of-fered by the city and that "there is nothing else this court can do but continue these matters until evidence is submitted", went on to provide:

   "It is ordered * * * that the issues made by the pleadings in this cause be continued subject to such testimony as the parties desire to introduce" and "further * * * that the trustee be * * * authorized to conduct the business of the bankrupt until further order of this court."

3. Citing: In re Prindible, 3 Cir., 115 F.2d 21; 8 C.J.S., Bankruptcy, § 276(d), p. 990; 11 U.S.C.A. § 67, sub. c, note 44; 6 Am.Jur. Sec. 1716, p. 1528; In re Schimmel, D.C., 203 F. 181; In re Graboyes, 228 F. 574.

4. This order entered on the petition of the trustee provided that he should "proceed promptly:

   "(1) To liquidate all the assets of said bankrupt.

   (2) To make a full and final accounting of his acts and doings as said Trustee and pay unto the Treasury of the Court any and all sums of money on hand to be disposed of by order of this court.

   (3) That on or before June 30, 1952, said Trustee shall abandon and vacate the premises occupied by him as such Trustee."

ruptcy,[5] and to the rule that appeals from interlocutory orders in bankruptcy which are trivial in their effect on the proceedings may be refused,[6] relies strongly on our case of Universal Oil Products v. Cosden Petroleum Corp., 5 Cir., 178 F.2d 495, construing 11 U.S.C.A. § 47.

Appellant, with a display of learning and a wealth of citation deserving of a better and stronger cause, attacks appellee's claim, that the order appealed from was entered in a controversy arising in a proceeding in bankruptcy.

Insisting that it was entered in a proceeding in bankruptcy and marshalling its cases in support, it urges upon us, in addition, that if this is not so, this court would still have jurisdiction under Sec. 1292(1), Title 28, because the appeal was in part from an order refusing to dissolve or modify an injunction.

■ We cannot agree with either of these propositions. Upon the first, the authorities settle it, we think, that this was a controversy, and a very considerable one, arising in a proceeding in bankruptcy. Upon its alternative proposition that the appeal should be entertained because it was in part from an order refusing to dissolve an injunction, the record does not support appellant. The statement of points made in connection with appellant's limited appeal shows that no appeal was taken from, no complaint made of, the order to the extent that it might be considered as refusing to dissolve the injunction. In addition, it is perfectly clear that no order refusing to dissolve the injunction was made. There was only a deferment to another day of a hearing on the matter.

■■ Agreeing with appellee throughout, we are in no doubt that the orders entered by referee and judge were interlocutory, and that the petition to review the order of the referee and the appeal from the order of the judge were improvidently taken. Neither are we in any doubt that the appeal from the district judge's order should be dismissed. Even if the order be regarded as one entered in a proceeding in bankruptcy rather than in a controversy arising therein, it is a wise and salutary rule that appeals from interlocutory orders in bankruptcy, which, as this one is, are trivial in their effect on the proceedings may be refused, and that interlocutory orders in bankruptcy proceedings, which are dispositive of nothing, are not reviewable, and appeals therefrom should be dismissed.

This case forcefully illustrates the wisdom of that rule. Here instead of proceeding with a hearing on its petition by offering evidence, as requested by the referee and suggested by the judge, and thus bringing the matter to a head, the City instituted and pressed a fruitless appeal from an order which determined nothing whatever and put no obstacle of any kind in the way of its obtaining the relief it desired. By doing this, the city has not only added delay to delay but, bringing up an enormous record, has cumulated costs on costs, when all that it needed to do, was to offer to proceed with the hearing before the referee by offering such proof as it was able to muster, and, if the referee did not then proceed, to apply to the judge for an order compelling him to do so.

The appeal is dismissed with costs of appeal taxed against appellant.

5. 11 U.S.C.A. § 47, sub. a, as amended, note 40; Universal Oil Products Co. v. Cosden Petroleum Corp., 5 Cir., 178 F.2d 495; Petersen v. Sampsel, 9 Cir., 170 F.2d 555.

6. In re Leigh, 78 U.S.App.D.C. 261, 139 F.2d 386; Federal Land Bank of Springfield v. Hansen, 2 Cir., 113 F.2d 82; Cf. In re Woodruff, 9 Cir., 121 F.2d 152; Goldie v. Carr, 9 Cir., 116 F.2d 335.