**CITY OF FORT LAUDERDALE, Appellant and Cross-Appellee,**

v.

**D. D. FREEMAN, Trustee in Bankruptcy, et al., Appellees and Cross-Appellants.**

**D. D. FREEMAN, Trustee in Bankruptcy, et al., Appellees and Cross-Appellants,**

v.

**CITY OF FORT LAUDERDALE, Appellant and Cross-Appellee.**

**No. 14757.**

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1954.

C. A. Hiaasen, James M. Crum, and K. Odel Hiaasen of McCune, Hiaasen & Kelley, Fort Lauderdale, Fla., for City of Fort Lauderdale, appellant and cross-appellee.

R. Bruce Jones, West Palm Beach, Fla., T. F. Fleming, John W. Fleming, Fort Lauderdale, Fla., Charles H. Warwick, Jr., West Palm Beach, Fla., Fleming, O'Bryan & Fleming, Fort Lauderdale, Fla., for trustee.

Earnest, Lewis, Smith & Jones, and Warwick, Paul & Warwick, West Palm Beach, Fla., for debtor and bankrupt.

Before HOLMES, BORAH, and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This is a bankruptcy case that was previously before this court on an appeal by the appellant, which was dismissed. 5 Cir., 197 F.2d 122. At that time, appellant was seeking to gain possession of its real property, which had been retained in the debtor's possession and later was in the possession of the trustee. Shortly after the dismissal of that appeal, the bankruptcy court entered an order giving possession thereof to appellant. This appeal concerns rulings of the bankruptcy court disposing of appellant's claim for the proceeds of rentals collected by the trustee in bankruptcy.

The bankrupt was in possession of the property of appellant under a 20-year lease with a rental of $160,000 a year payable annually in advance. The rent was not paid when due on December 1, 1950, and appellant made written de-

mand for payment. Notice under this demand expired on March 13, 1951. On May 1st the City Commission adopted a motion to cancel the lease; another such resolution was adopted June 19, 1951, and notice thereof served on the bankrupt the following day. There appears to be no question but that the lease was effectively cancelled, and that the trustee in bankruptcy did not attempt to adopt it. The final order of the bankruptcy court allowed appellant $40,000 as a secured claim, representing rent due for the three months immediately preceding the time of bankruptcy, and $88,000 as an administrative expense for the period that the property was continued in the possession of the debtor and held by the trustee. Appellant insists that it was entitled to full rent for the years 1951 and 1952, less the amount of rent received by it during the latter half of 1952. It also contends that under applicable Florida statutes it is entitled to have this amount doubled.

■■ We do not reach for decision the last two contentions, because the appellant has no lien or priority for unearned or future rent and there is no money or asset in the bankrupt's estate from which to pay or to enforce payment of general claims of this character. The appellant does have a lien, however, for three months' back rent, and the item of $40,000 for such rent was properly allowed; also the item of $88,000 for rent due by the trustee for occupancy of the premises of the bankrupt was an actual and necessary expense of preserving the estate subsequent to filing the petition, as well as an expense of administration, and was a claim entitled to priority in the first order of payment, which was properly allowed. Section 64, sub. a(1) of the bankruptcy act, 11 U.S. C.A. § 104, sub. a(1). We further agree with the appellant that, in so far as the revenues derived from the leased premises were concerned, the same could not be charged with general administration expenses because the city had a lien thereon, unless it was the owner thereof (which we are holding that it was), in which case the lien was merged in the title of the owner.

■ The gist of this case is that there were no general assets of the bankrupt out of which to pay the expenses of administration, and it was reversible error for the court below to distribute the revenues derived from the operation of the leased premises as unencumbered general assets of the bankrupt. All of the physical assets of the debtor were sold to appellant at a private sale for $100,000. This amount, plus a few other comparatively small items, and the rentals collected by the trustee, constituted nearly all of the bankrupt's alleged assets.

■■ We agree with the appellant that it was entitled to the rents collected by the trustee from the sub-tenants of the bankrupt during the administration of the bankrupt's estate, since the lease was cancelled and the trustee did not adopt it. It was also reversible error to allow the trustee to collect enough rent from appellant's property to finance the administration of the bankrupt's estate. The rents and profits received by the trustee from the sub-tenants accrued to the benefit of the owner, and were held by the trustee in trust for the benefit of appellant.

The appellant is entitled to the above-mentioned items, collected by the trustee from the sub-tenants, in addition to the sum of $40,000 allowed it by the court below for three months' rent prior to bankruptcy, and $88,000 allowed it for use and occupancy of the premises by the trustee after bankruptcy. The judgment appealed from is reversed on direct appeal, affirmed on cross-appeal, and remanded to the district court for an accounting by the trustee to the appellant for the items of rent wrongfully collected from the sub-tenants.