**In the Matter of G. W. McDOUGALD and B. V. McDougald, Partners doing business as McDougald Construction Company, alleged bankrupts.**

**No. 541.**

United States District Court,
W. D. Arkansas, El Dorado Division.

Feb. 21, 1955.

Chester L. Greene, El Dorado, Ark., for alleged bankrupts.

Mahony & Yocum, El Dorado, Ark., for alleged creditors.

JOHN E. MILLER, District Judge.

This bankruptcy case is now before the Court upon a petition for review filed by the alleged bankrupts. A brief chronological statement of the proceedings heretofore conducted in the case should be helpful in determining the merit of the petition for review.

On February 24, 1954, three alleged creditors of G. W. McDougald and B. V. McDougald, partners doing business as McDougald Construction Company, filed a creditors' petition praying that the Court adjudge the said partners to be bankrupts. Said creditors alleged, inter alia, that "Your petitioners are creditors of said partnership and of said partners thereof, having provable claims against them and each of them fixed as to liability and liquidated in amount, amounting in the aggregate, in the excess of the value of securities held by them, to $500.00 and more. The nature and amount of your petitioners' claims are as follows: United States Fidelity and Guaranty Company—Account payment as Surety on various construction bonds on school buildings in Strong, Huttig, Arkansas and Gulf office in El Dorado, Arkansas—$29,940.48; United

**4**

Insurance Agency—Various insurance premiums—$2,820.67; W. C. Hixson Company—Account contract for laboratory furniture—$807.50."

The alleged bankrupts on March 11, 1954, filed a motion to dismiss the petition "on the ground that the court lacks jurisdiction because there are not a sufficient number of 'qualified' petitioning creditors." Neither party filed affidavits in support of or in opposition to the motion to dismiss. However, the alleged bankrupts filed a brief in support of said motion and the petitioning creditors filed their brief in opposition thereto, and after considering the motion and the briefs the Referee in Bankruptcy, on January 21, 1955, entered an order overruling the motion to dismiss and allowing the alleged bankrupts twenty days in which to plead further. At the same time the Referee prepared and filed an opinion which discloses that the primary ground upon which the Referee overruled the motion was that the petition was sufficient upon its face and the alleged bankrupts' defense could not be raised by motion.

On January 27, 1955, the alleged bankrupts filed a motion or petition for review asking that this Court "review the action of the referee in denying their. motion to dismiss, on the ground that the referee's conclusions of law, as set out in his written opinion of January 25, 1955, are clearly erroneous."

The Referee's Certificate was filed with the Court on February 18, 1955, and in the meantime the Court had received briefs from the alleged bankrupts and the petitioning creditors in support of their respective contentions. Thus, the petition for review is now ready for disposition by the Court.

Two reasons exist for the denial of the alleged bankrupts' petition for review.

■ In the first place, the Referee's order overruling the motion to dismiss was an interlocutory order, rather than a final order, and in the absence of extraordinary circumstances should not be subject to review by the Court. See City of Fort Lauderdale v. Freeman, 5 Cir., 197 F.2d 122; In re Prindible, 3 Cir., 115 F.2d 21; In re Maine State Raceways, D.C.Me., 97 F.Supp. 1016; In re Graboyes, D.C.Pa., 228 F. 574; In re Schimmel, D.C.Pa., 203 F. 181; In the Matter of George Hugo Malter, Bankrupt, D.C.Cal., 47 Am.Bankr.Rep., N. S., 172; Vol. 2, Collier on Bankruptcy, 14th Ed., Sec. 39.21.

■ And secondly, the Referee's order was correct upon the record then before him, although his opinion reflects that his reason for overruling the motion to dismiss was not entirely correct. It is true that the creditors' petition was sufficient upon its face, 11 U.S.C.A. § 95, and that, upon a motion to dismiss, ordinarily well pleaded facts in the petition must be taken as true. In re Pauline's Fashion Salon, D.C.Cal., 121 F.Supp. 845; In re Silver, D.C.Ill., 109 F.Supp. 200. And therefore, in the instant case, since the alleged bankrupts filed no affidavits in support of their motion to dismiss, the action of the Referee in accepting the well pleaded allegations as true and in overruling the motion was proper. However, this is not to say that the defense of lack of jurisdiction cannot be raised by motion. Such a motion is entirely proper in bankruptcy proceedings.

Rule 81, F.R.C.P., 28 U.S.C.A., provides that the Federal Rules of Civil Procedure do not apply to proceedings in bankruptcy "except in so far as they may be made applicable thereto by rules promulgated by the Supreme Court of the United States." By General Order 37 the Supreme Court provided that the Federal Rules of Civil Procedure should apply to proceedings under the Bankruptcy Act, "in so far as they are not inconsistent with the Act or with these general orders." Thus, the Federal Rules, unless inconsistent with the Bankruptcy Act or the General Orders,

are applicable in bankruptcy proceedings before the Referee. In re Yellow Transit Freight Lines, Inc., 7 Cir., 207 F.2d 602 (summary judgment procedure); In re J. & M. Doyle Co., 3 Cir., 130 F.2d 340 (motion for extension of time); Providence Box & Lumber Co. v. Goodrich-Daniell Lumber Corporation, D.C.Vt., 80 F.Supp. 61 (service of process); In re Stein, D.C.Ill., 43 F.Supp. 845 (request for admission of facts).

Rule 12(b), F.R.C.P., permits a party to raise the defense of lack of jurisdiction by motion. Therefore, the effect of General Order 37, making the Federal Rules applicable to bankruptcy proceedings, has been to supersede the prior decisions (relied upon by the Referee and petitioning creditors herein) which had refused to permit so-called speaking motions. Vol. 2, Collier on Bankruptcy, 14th Ed., Sec. 18.41, Page 99.

In summary, (1) the defense of lack of jurisdiction in a bankruptcy proceeding may be raised by motion (or may be included in the responsive pleading); (2) in the absence of affidavits or evidence to the contrary, the well pleaded allegations of the creditors' petition, for purposes of a motion to dismiss, must be accepted as true; (3) in the instant case, since there were no affidavits or evidence disputing the allegations of the creditors' petition, said allegations must be taken as true and the said petition is sufficient upon its face; and (4) the Referee was correct in overruling the motion upon the record before him.

■■ In passing, it may be noted that the Referee, in his discretion, may dispose of such a motion prior to a hearing on the merits, or may defer action on the motion until the conclusion of the hearing. Rule 12(d), F.R.C.P. And, if the motion is disposed of prior to the hearing on the merits, the Referee may consider affidavits and other matters dehors the pleadings. See Vol. 2, Moore's Federal Practice, 2d Ed., Sec. 12.09, Page 2248.

In view of the foregoing, it follows that the Referee's order of January 21, 1955, should be confirmed and the case remanded to the Referee for further proceedings, without prejudice to the right of the alleged bankrupts to re-assert their defense of lack of jurisdiction.

An order in accordance with the above should be entered today.