**In the Matter of Lammot Du Pont COPELAND, Jr., Debtor.**

**No. BK 70–94.**

United States District Court,
D. Delaware.
May 19, 1972.

George C. Hering, III of Morris, James, Hitchens & Williams, Wilmington, Del., and Roger L. Waldman of Sullivan & Cromwell, New York City, for petitioner The Union Bank of Switzerland.

Franklin S. Eyster, II of Richards, Layton & Finger, Wilmington, Del., and Robert M. Morgenthau, New York City, for the debtor.

## ORDER DISMISSING PETITION FOR REVIEW

LATCHUM, District Judge.

A hearing was held on May 11, 1972 on the petition of the Union Bank of Switzerland ("UBS") for review of an order entered on February 4, 1972 by the Honorable Murray M. Schwartz, Referee in Bankruptcy, (Referee's Docket Item 304). The Referee's order in question (1) denied UBS's motion to strike the affirmative defenses pleaded

in the debtor's amended objection to UBS's proof of claim,[1] however, reserving unto UBS the right to renew its motion to strike the second affirmative defense at the conclusion of debtor's discovery, (2) denied UBS's alternative motion for an order (a) staying the debtor's discovery relating to its affirmative defenses until a plan of arrangement is filed or (b) permitting UBS to withdraw its proof of claim with leave to renew, and (3) directed that discovery [2] proceed as rapidly as feasible. (Referee's Docket Item 303). The Referee on March 9, 1972 entered his Findings of Fact and Conclusions of Law which fully set forth the underlying reasons for his order. (Referee's Docket Item 319).

The Court, having fully considered the record certified by the Referee, the briefs and oral arguments of opposing counsel, it is

Ordered that the UBS's petition for review be and the same is hereby dismissed for the following reasons:

█ The order challenged by the Petition for Review is clearly interlocutory in character. It does not resolve the ultimate issues of recovery or liability for or against either of the contending parties. By denying UBS's motion to strike the debtor's defensive pleadings or to withdraw its claim and directing the parties to proceed with discovery, the Referee was simply ruling upon preliminary procedural matters in order to move the proceedings along and in no way defeated the party's expectation of ultimately prevailing upon the merits.

While it is recognized that Section 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c), imposes no restrictions upon the kinds of orders that are subject to review by a district court, such courts may, and often do, decline to review purely interlocutory and procedural orders in the interest of avoiding interminable delays and disruptions that such reviews entail. Sulmeyer v. Pfohlman, 329 F.2d 915, 917 (C.A.9, 1964); In re H. S. Dorf & Co., 309 F.2d 151 (C.A.2, 1962); In re Prindible, 115 F.2d 21, 22 (C.A.3, 1940); In re Graboyes, 228 F. 574, 575 (E.D.Pa.1915); In re McDougald, 17 F.R.D. 2, 4 (W.D.Ark.1955); In re Maine State Raceways, 97 F.Supp. 1016 (D.Me.1951); 1 Collier, Bankruptcy Manual (14th Ed.) ¶ 39.21, p. 1504.

█ The application of that rule is particularly compelling in this case. Complex problems have been posed for the Referee at every step in these proceedings. The claims are of great magnitude. The Referee has devoted many months of his time in dealing with these problems and has developed a close and comprehensive understanding of them. His ruling on the procedural and interlocutory issues contained in his order reflects his assessment of the over-all picture with which he is most familiar. It was never intended that district courts, through petitions for review, attempt to regulate the myriad of procedural details of the practice before referees.

Finding that the challenged order does no more than reasonably regulate preliminary procedural steps in this complex proceeding and determines nothing with finality, the Court, in its discretion, declines to review the order and dismisses the petition for review.

1. UBS's motion to strike, primarily aimed at the first and second affirmative defenses which alleged fraud on information and belief, was based on the contention that the pleadings were a "sham" as there were no "good grounds to support" the allegation of fraud as required by Rule 11, F.R.Civ.P., and that the second affirmative defense was deficient because it failed to plead fraud with particularity as required by Rule 9(b).

2. Simultaneously with filing the amended objection to UBS's proof of claim, the debtor served a notice of deposition, interrogatories and a request for production of documents.