In the Matter of Vincent T. DYNAK, Bankrupt.

No. 76-56.

United States District Court
D. Massachusetts.

Nov. 29, 1957.

Edward N. Hurley, Springfield, Mass., for bankrupt.

A. Abraham Benton, Springfield, Mass., for petitioner.

ALDRICH, District Judge.

In this case a creditor objects to a bankruptcy discharge. After hearing, his objections were overruled by the referee. He filed a petition for review. This asserted, among other things, that the bankrupt had perjured himself with regard to a certain receipt, and had kept records which were "palpably false and fraudulent." At the hearing before me the only person to appear was the creditor. He amplified the matters alleged in his petition, not only as to said receipt, but as to payments shown on the bankrupt's books as payments to subcontractors, and so testified to at the hearing, but subsequently allegedly admitted to have been gambling losses.

None of the matters so developed at the hearing were sufficiently of record before me. The referee's certificate does not deal with them, except possibly by the merest indirection, although they were specifically enough presented by the petition for review.

A bankruptcy referee is not, of course, a court of last resort even as to findings of fact. While he normally disposes of matters without the intervention of the district court, it is his duty, upon the filing of a petition for review, to set forth a record, "a transcript of the [material] evidence or a summary thereof," which will enable the court either to pass on the question itself, or at least examine the manner in which the referee did so. While a report need not discuss every item of evidence, these particulars were of obvious import.

If the matters alleged in the petition for review are without evidentiary support, the referee should so state. If they had basis, the referee should both deal with them and show how he did so. Bankruptcy Order 47, (11 U.S.C.A. following section 53); 11 U.S.C.A. § 67, sub. a(8).

The referee's certificate is recommitted, and the matter is referred back for further proceedings in conformity with this opinion. I suggest, under the circumstances, that the objecting creditor should be entitled to be heard before a new or further certificate is prepared.