William H. COWLEY, Bankrupt,
Appellant,

v.

Gertrude E. GOUVIA, Appellee.

No. 23062.

United States Court of Appeals
Fifth Circuit.

Nov. 21, 1966.

William H. Cowley, St. Petersburg, Fla., for appellant.

W. M. Bussey, St. Petersburg, Fla., for appellee.

Before WISDOM, BELL and GODBOLD, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

Appellant was denied a discharge in bankruptcy by the referee purportedly on the basis that he made a false oath in relation to his petition in bankruptcy in that he failed to list two creditors. The district court denied his petition for review and approved and affirmed the order of the referee denying the discharge. This appeal followed. No transcript or summary of the evidence was transmitted to the district court by the referee. We vacate and remand for further proceedings to perfect the record for review beginning in the district court.

We may say at the outset that there was no evidentiary hearing in the district court on the petition for review. No such hearing was sought but this did not preclude an evidentiary hearing or remand to the referee if the record was so insufficient as to prevent review. Appellant did request oral argument but this request was denied. The district court recited in its judgment that its decision was entered on the basis of a review of the record, the findings of fact and conclusions of law contained in the order entered by the referee, and after considering the briefs filed in connection with the petition for review.

The case came to this court with a record which included only the findings, conclusions, and order of the referee, and the order of the district court. Appellant filed a pro se brief. Counsel for the *objecting creditor* advised the court that his client had no resources with which to file a brief. Appellant argued his own case and it became quite apparent that the court would be unable to proceed on the sparse record before it, and that the entire record in the bankruptcy court and in the district court should be considered in the interest of a just result. Accordingly, the clerk of this court was directed to acquire the original records from the bankruptcy court and district court. Those records are now before the court and have been considered in connection with this opinion.

A chronology is helpful to an understanding of the case. Appellant filed a voluntary petition for bankruptcy on December 4, 1962. He was represented by counsel throughout the proceedings in the bankruptcy court and the district court. The schedule attached to his petition listed nine creditors. Five of these creditors lived in St. Petersburg, Florida, and their street addresses were not given. The failure to include the addresses of these creditors assumes importance later in this opinion.

Appellant was adjudicated a bankrupt on December 18; the first meeting of creditors was set for December 28; and an order was entered fixing March 28, 1963 as the last day for filing objections to the discharge of the bankrupt. There is no record of what transpired at the December 28 meeting of creditors. An order was entered on the petition of creditor Gouvia, the appellee here, on February 14 for an examination of the bankrupt. This examination took place on February 20, 1963. It was agreed then that the schedule of creditors might be amended to include two additional creditors: Texaco, Inc. and the Pinellas Central Bank, and also more accurate addresses of the St. Petersburg creditors. A trustee was appointed on March 25,

and on March 26 Mrs. Gouvia filed objections to bankrupt's discharge on the ground that he made a false statement to her for the purpose of obtaining a loan. This ground was later abandoned.

On June 5, 1963 the petition in bankruptcy was amended by the filing of new schedules which eliminated some creditors and added the Pinellas Central Bank and Texaco, Inc. Also, the missing street addresses were included. There were some other changes which are not pertinent to our consideration. Up to this point the matter had been in the charge of Referee Shaw but the present referee succeeded to the case in the summer of 1963. The trustee was permitted to resign on May 15, 1964 on the basis that there were no assets in the estate and service as trustee, including necessary travel, was burdensome. A new trustee was appointed on May 18, 1964. Mrs. Gouvia filed a new specification of objection to bankrupt's discharge on May 25, 1964. This objection was based on the broad contention that the bankrupt knowingly and fraudulently made a " * .* * false oath or account in his verified schedules or his sworn testimony". The record is not clear just when the hearing was held on the objection to discharge but on September 16, 1964 the referee entered findings of fact and conclusions of law in connection therewith, and denied the discharge.

No transcript of the evidence adduced at the hearing on the objection to the discharge or summary of the evidence was transmitted to the district court. There is no such transcript or summary in the record before us. However, the order of the referee indicates that the bankrupt testified at that hearing. The bankrupt argues in this court that his counsel omitted the two creditors in question through inadvertence and that this was called to the attention of Referee Shaw at the hearing on December 28, 1962 but there is no factual basis in the record for this assertion.

An examination of the findings of fact entered by the referee indicates that he may have given major consideration in denying the discharge to the failure to include sufficient addresses of some of the creditors on the schedule of creditors. It goes without saying that a discharge may not be denied for any such reason. The referee apparently gave some weight to an alleged omission from the schedule of a contingent obligation to creditor Gouvia. This finding seems to be without factual basis in the record.

This leaves the question of omitting the two creditors. In addition to this omission, the further fact appears in the findings that the bankrupt made payments to the bank in December 1962 and in January and March 1963. The referee found that the bankrupt was evasive when examined by the objecting creditor on his obligation to this bank. There is no record of any such examination. The referee states that the explanation by the bankrupt of why he made these payments after filing for bankruptcy was unsatisfactory. Again, we do not have the explanation. Without a transcript or at least a summary of the evidence, it is also impossible to test the validity of the referee's factual conclusion that the explanation given by the bankrupt for the omission of the two creditors was wholly unsatisfactory.

The testimony of the bankrupt that he informed his counsel prior to the filing of the existence of these creditors was discredited. The referee stated that this testimony was discredited in the light of attending circumstances and rejected as improbable, and that this was so whether or not the explanation of the bankrupt was contradicted. Apparently it was not contradicted.

The following is given as an example of the probability that some of the findings and conclusions of the referee are clearly erroneous. The conclusion was that appellant made payments to the bank for "many" months after the filing of the petition for bankruptcy, and that these payments were stopped only after he had been charged with filing the false oath in connection with the petition. The

verbatim statement of the referee follows:

"* * * When he was examined by the objecting creditor on the obligation owed by him to Pinellas Central Bank, his explanation with regard to this obligation was evasive and equivocal. Payments made by the bankrupt on this obligation many months after filing the petition for bankruptcy, clearly illustrate his premeditated design to conceal the existence of this creditor from the Court and from his other creditors and evinces an intent to grant a special treatment to this creditor for reasons only known to the bankrupt. It is noteworthy that the bankrupt stopped payments on this loan only after the creditor, Gertrude E. Gouvia, filed her second Specification of Objection to Discharge, charging a false swearing in connection with these proceedings * * *."

The petition for bankruptcy was filed on December 4, 1962. The findings show that the last payment was made to the bank on March 25, 1963. It may, of course, be argued that less than four months is not "many" months in the language of the referee. However, the statement that the payments were stopped only after Mrs. Gouvia filed the objection on the basis of the false oath is beyond argument. It is totally incorrect. This objection was filed, as stated, on May 25, 1964, almost fourteen months after the last payment to the bank.

We think the foregoing demonstrates the impossibility of review without a transcript or at least a summary of the evidence adduced on the hearing before the referee on the creditor's objection. This brings us to a disposition of the case.

■ The referee was under a mandatory duty to prepare and transmit a transcript of the evidence or a summary thereof to the district court. 11 U.S.C.A. § 67(a) (8). Cf. Rule 53(e) (I), F.R.

Civ.Procedure. The case of In re Dynak, D.Mass., 1957, 157 F.Supp. 349, is an example of good procedure. There the court applied this statutory requirement to a review and recommitted the matter to the referee for further proceedings. In Kelso v. Maclaren, 8 Cir., 1941, 122 F.2d 867, the court pointed out that the report filed by the referee on a petition to review was defective because exhibits referred to in oral testimony were omitted. These cases go to the point that a review by a district court of the findings and conclusions required ·from the referee under Bankruptcy Order 47 (11 U.S. C.A. following § 53), is no review at all if the record which allegedly supports the findings and conclusions is not before the district court.

This requirement of a transcript or summary is well known in bankruptcy court circles. See 1 Proceedings of Seminar for Newly Appointed Referees in Bankruptcy, pp. 92, 274 (1964). The requirement is especially important in a proceeding to determine whether the bankrupt is to be discharged. 2 Proceedings of Second Seminar for Referees in Bankruptcy, pp. 77–84 (1965). These Seminar instructions merely give effect to the statutory requirement, § 67(a) (8), supra, which is couched in explicit language as follows:

"Referees shall * * * prepare promptly and transmit to the clerks certificates on petitions for review of orders made by them, together with a statement of the questions presented, the findings and orders thereon, the petition for review, a transcript of the evidence or a summary thereof, and all exhibits; * * *"

■ Appellant has not had the review to which he was entitled because the referee failed in his duty to transmit a transcript of the evidence or a summary thereof to the district court.[1] This failure should have been corrected in the district court. The case must be remanded so that this failure may be remedied.

1. A summary may be inadequate where, as here, the issue involved is intent to commit fraud and the related questions of motive and credibility.

The remedial procedure to be employed will be left to the district court.

The judgment of the district court affirming the order of the referee and denying the review is vacated, and the case is remanded for further proceedings not inconsistent herewith.

Vacated and remanded.