HAMILTON–BROWN SHOE CO. et al. v. BEN L. BERWALD SHOE CO. et al.

In re BEN L. BERWALD SHOE CO.

(Circuit Court of Appeals, Fifth Circuit. December 22, 1925. Rehearing Denied January 19, 1926.)

No. 4603.

1. **Bankruptcy** ⬅➡440—**Order approving offer of compromise held appealable, and proceeding for review not required to be taken within 30 days.**

Order approving offer of compromise made by bankrupt's stockholders *held* to involve controversy arising in bankruptcy proceeding, under Bankruptcy Act, § 24a (Comp. St. § 9608), appealable under the general equity jurisdiction of the court, and not purely administrative order, reviewable under section 24b by petition to revise, required to be filed within 30 days, nor an appeal, to be governed by section 25a (Comp. St. § 9609).

2. **Bankruptcy** ⬅➡252—**Trustee may, with approval of court, compromise controversy concerning bankrupt estate.**

Under Bankruptcy Act, § 27 (Comp. St. § 9611), bankruptcy trustee may, with approval of court, compromise any controversy concerning bankrupt estate, and for this he represents all creditors.

3. **Bankruptcy** ⬅➡252—**Trustee held not authorized to accept offer to compromise claims against bankrupt's officers individually over objections of certain creditors.**

Offer of compromise, made by bankrupt's stockholders to take over bankrupt's assets on condition of releasing claims against bankrupt. its officers, and stockholders, could not be accepted by trustee under Bankruptcy Act, § 27 (Comp. St. § 9611), over objection of creditors seeking in state court to hold officers individually liable, where parties had not submitted

themselves to jurisdiction of District Court as respects such suits.

4. **Bankruptcy** ⬅➡252—**Bankrupt corporation's stockholders, offering compromise, held entitled to have offer accepted exactly as made, or not at all.**

Stockholders of bankrupt corporation, offering to compromise claims, were entitled to have offer accepted exactly as made, or not at all.

Appeal from the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

In the matter of the Ben L. Berwald Shoe Company, Bankrupt. From an order approving an offer of compromise (1 F.[2d] 494), the Hamilton-Brown Shoe Company and others appeal. Reversed and remanded.

R. G. Storey and Fred J. Dudley, both of Dallas, Tex. (Burgess, Owsley, Storey & Stewart, of Dallas, Tex., on the brief), for appellants.

Emil Corenbleth, of Dallas, Tex., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is an appeal from an order approving an offer of compromise, made by a third party to the trustee on behalf of himself and the others, as well as the bankrupt. A motion was made to dismiss the appeal. It appears that the order appealed from was entered on March 2, 1925, and the motion for the appeal was not filed until June 1, 1925, nearly three months later.

[1] Appellees contend that the case should have been removed to this court on petition to superintend and revise, for which our rules fix a limit of 30 days. See rule 38. As will subsequently appear, the case presented is not purely that of an administrative order, contemplated by section 24b, Bankruptcy Act (Comp. St. § 9608), nor an appeal, to be governed by section 25a of said act (section 9609). For the purpose of jurisdiction, and with regard to the delay allowed for removing it, the case must be considered as involving a controversy arising in a bankruptcy proceeding contemplated by section 24a, Bankruptcy Act, and appealable under the general equity jurisdiction of this court. So considered, the appeal was taken timely. The motion to dismiss will be denied.

Coming, now, to the merits, the material facts are these:

The Ben L. Berwald Shoe Company was

adjudicated bankrupt and during the administration of its affairs Ben L. Berwald, who was the president and principal stockholder of the bankrupt corporation, made an offer in writing to the trustee to take over the assets of the bankrupt for an amount of cash sufficient to pay the unsecured creditors 55 per cent. of their claims. He was careful to stipulate that he did not submit himself to the jurisdiction of the court, and the offer contemplated the compromise of all claims of all unsecured creditors of the bankrupt against himself and the other officers and stockholders of the bankrupt, as well as the claims against the bankrupt corporation. To that effect a clause as follows was inserted:

"This offer is made with the understanding and for the express consideration that each and every unsecured creditor of said bankrupt will release the said bankrupt and all its officers and directors, and each and every one of them, from any and all liability of every character and description growing out of or incident to or connected with the operation of the said Ben L. Berwald Shoe Company prior to its adjudication in bankruptcy."

Before the offer was made the trustee contemplated suits against Berwald and his associates to recover unpaid stock subscriptions amounting to approximately $10,000, and also to set aside a preference of about $6,000. He recommended the acceptance of the offer. A hearing was had before the referee, and 62 out of 66 unsecured creditors agreed to the compromise. Appellants, who are 4 of the unsecured creditors, objected. They had previously filed suits in a state court to recover the full amounts of their claims from Berwald and the other officers and directors, on the grounds that the bankrupt was in reality a partnership, of which the stockholders were members, and was not a corporation, that the stock of the corporation had never been paid in, and that the individual officers were guilty of fraud in securing credit for the corporation. An order had been issued staying these proceedings in the state court. On the hearing before the referee, he recommended the acceptance of Berwald's offer, but certified the question to the District Court. The District Court entered an order approving the compromise and ordering the fund, which had been guaranteed by Berwald, to be distributed pro rata among the creditors.

[2, 3] It may be conceded that the trustee may, with the approval of the court, compromise any controversy concerning the bankrupt estate, and for this he represents all of the creditors under the law. Such would be his claim for the unpaid portions of the stock subscriptions and his right of action to set aside a preference. Bankruptcy Act, § 27 (Comp. St. § 9611). The proceedings in this case to that extent are regular, and would be binding on appellants, if that were all; however, the offer in this case goes beyond an ordinary offer of compromise. Appellants are seeking in a state court to hold the officers of the corporation liable as individuals for the full amounts of their claims. These claims were not urged in the bankruptcy proceedings, and could not have been.

We cannot assume that these claims are without substance, and with regard to them the trustee was not authorized to represent appellants. A simple illustration will demonstrate this: It would never be contended by any one that the trustee could compromise the claim of an individual creditor against a third person arising from his indorsement of the bankrupt's note. There is no difference in principle in the case here presented. Furthermore, none of the parties has submitted himself to the jurisdiction of the District Court with regard to these suits, and the District Court was without jurisdiction to bind appellants to the full extent of the compromise offered. The order appealed from goes too far, and is prejudicial to the rights of appellants.

The court expressed the opinion that the state courts would take notice of the bankruptcy proceedings and act accordingly. It is quite apparent that, if the order is allowed to stand, appellants will be greatly embarrassed in exercising their rights in the state court, if not absolutely prevented from so doing.

[4] It would seem that the compromise offered was fair so far as the trustee was concerned, but, on the other hand, it may well be that appellants were justified in rejecting it so far as their individual claims are concerned; however, under the circumstances, it would not do to affirm the order, with a modification reserving the rights of appellants as Berwald and his associates must also be considered. Undoubtedly they intended the acceptance of the offer to end the suits in the state courts, and to settle all claims of any kind against themselves arising from their connection with the bankrupt. They have the right to have their offer accepted exactly as made, or not at all.

It follows that the order appealed from must be reversed and set aside, and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.