## GOLDIE v. CARR.

### No. 9553.

Circuit Court of Appeals, Ninth Circuit.

Dec. 18, 1940.

Torregano & Stark, of San Francisco, Cal., for appellant.

Francis P. Walsh and Louis J. Glicksberg, both of San Francisco, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellee, as receiver for the estate of Herbert Fleishhacker, debtor, petitioned for a summary order directed to appellant Goldie to compel him to turn over to the receiver certain corporate shares and moneys alleged to be held in trust for the debtor's estate. In substance and effect the petition appears to be one to enforce performance of a contract to deliver shares of stock and to recover money alleged to be due and payable to the estate. The referee ordered appellant to show cause why the petition should not be granted. Appellant thereupon filed his verified plea objecting to the jurisdiction of the bankruptcy court summarily to hear and determine the matter.

There was a hearing before the referee on the jurisdictional question with the result that appellant's plea to the jurisdiction was overruled and he was directed within five days to answer to the merits. The referee found, among other things, that by reason of the form and substance of his objection to the jurisdiction, and for other reasons, appellant waived any right he might have had to insist upon the adjudica-tion of the controversy in a plenary suit.[1] On petition to review the court below affirmed and adopted the order of the referee overruling the objection of appellant to the jurisdiction of the court to proceed summarily. From that order Goldie appealed.

Appellee has moved to dismiss the appeal.

■ For the purpose of determining its appealability the order appealed from is one made in a controversy arising in proceedings in bankruptcy. Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897. Appellant does not contend otherwise. The order is plainly interlocutory in character. No turn-over order was made and despite appellant's misgivings the matter has not been tried on the merits. The order is not appealable. Pearson v. Higgins, 9 Cir., 34 F.2d 27; In re Federal Photo Engraving Corp., 2 Cir., 54 F.2d 628; Lieberman v. Bancroft, 3 Cir., 69 F.2d 202.

■ Such was the rule prior to the adoption of the amendments of June 22, 1938 embodied in the Chandler Act. That act—the controlling law here—does not make an interlocutory order in a controversy in bankruptcy appealable. By § 24, sub. a, as then amended, 11 U.S.C.A. § 47, sub. a, the Circuit Courts of Appeals are invested with jurisdiction to entertain appeals from courts of bankruptcy "in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy, to review, affirm, revise, or reverse, both in matters of law and in matters of fact." See Hoehn v. McIntosh, trustee, 6 Cir., 110 F.2d 199, 201; 1 Ohlinger Fed. Prac. pp. 710, 711.

The appeal is dismissed without prejudice to any question of jurisdiction and with the right in appellant to answer to the merits.

MATHEWS, Circuit Judge, concurs in the result.

---

[1] As to question of waiver cf. Rule 12 (b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Order 37, General Orders in Bankruptcy, 11 U.S.C.A. following section 53.