## HAAS v. GERSTEL.
### No. 10485.

Circuit Court of Appeals, Fifth Circuit.
April 16, 1943.

M. James Spitzer, of New York City, and N. J. Durant, of Miami, Fla., for appellant.

Charles H. Warwick, Jr., and L. A. Mooney, both of West Palm Beach, Fla., Clifton D. Benson and Arthur S. Friedman, both of Miami, Fla., and Edward J. Boyle, Asst. U. S. Atty., of New Orleans, La., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Mrs. Marion McNulty, on May 25, 1942, filed a debtor's petition for an arrangement under Chapter XI of the Bankruptcy Act[1] in the District Court for the Southern District of Florida. The court approved the filing of the petition, enjoined all other legal proceedings against the debtor or her property, and referred the matter to a referee. At the first meeting of creditors, it appeared that the proposed arrangement was not acceptable to a majority of creditors, whereupon the court appointed a receiver to take and manage the property of the debtor, and granted the debtor a reasonable time to file an amended plan.

On June 13, 1942, appellant and two other unsecured creditors filed an involuntary petition in bankruptcy against Mrs. McNulty in the District Court for the Southern District of New York, and she was personally served with process in the proceeding within the jurisdiction of that court. Upon her motion, proceedings upon the involuntary petition were stayed pending determination of the arrangement proceeding in the Florida court. Appellant then petitioned the Florida court to dismiss the arrangement proceedings or, in the alternative, to transfer said proceedings to the New York court for consolidation with the involuntary bankruptcy proceeding. After a hearing upon the petition, an order was entered denying all relief therein sought, from which order this appeal was taken.

We need to say but little with regard to the motion to dismiss. It is clear that both the Florida and New York courts had jurisdiction over the debtor in the respective proceedings filed, since she was domiciled in Dade County, Florida, and spent the greater portion of the six months immediately preceding the filing of the involuntary petition in New York City.[2] It cannot be said that the plan proposed does not meet the requirements of the Act. The proposal first made was withdrawn after it became known that it would not be accepted, and no further plan is revealed by the record. The debtor was allowed a reasonable time to file an amended plan, which, in view of the great mass of scattered and unliquidated assets and liabilities comprising the estate, and the time necessarily consumed in litigation with the appellant, does not appear to have expired. Until such amended plan is filed, or the leave to file the plan expires without being exercised, any attack upon the good faith of the debtor or the equity, fairness, and feasibility of the plan is necessarily premature and cannot be sustained.

The statute under which the alternative contention of appellants must be decided is Section 32 of the Bankruptcy Act, which provides that, when petitions are filed by or against the same person in different courts of bankruptcy, each of which has jurisdiction, the cases shall, by order of the court first acquiring jurisdiction, be transferred to and consolidated in the court which can proceed with the

---

[1] 11 U.S.C.A. § 701 et seq.

[2] 11 U.S.C.A. § 11.

same for the greatest convenience of the parties in interest.[3] The receiver was familiar with the nature, status, and location of the debtor's property, and with the problems and interests of the creditors; as a representative of the parties in interest, it was his opinion that the convenience of the creditors would be best served if the proceedings were consolidated in the Florida court, and the court reached the same conclusion. After a careful consideration of the voluminous evidence relevant to this issue, we are convinced of the correctness of this finding and of the ruling thereon.

The order appealed from is affirmed.