**In re FLEXTON CORP.**

**No. 153, Docket 22941.**

United States Court of Appeals, Second Circuit.

Argued Dec. 11, 1953.

Decided Dec. 30, 1953.

Krause, Hirsch, Levin & Heilpern, New York City (George C. Levin and Elliott L. Krause, New York City, of counsel), for appellant.

Chauncey H. Levy and Sydney Basil Levy, New York City, for Lindsay Oberholzer & Co., appellee.

Before CHASE, Chief Judge, and SWAN and MEDINA, Circuit Judges.

PER CURIAM.

On September 28, 1953 Flexton Corporation filed a petition for arrangement with its creditors pursuant to Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. Shortly thereafter two of its creditors moved for an order under section 32 of the Act, 11 U.S.C.A. § 55, transferring the proceedings to the United States District Court for the Eastern District of Pennsylvania on the ground (1) that venue was laid in the wrong court of bankruptcy, and (2) that the interests of the parties would be best served by such transfer.[1] The motions were heard upon the pleadings, supplemented by supporting and opposing affidavits, and were granted by Judge Murphy without opinion.

■ Upon the first ground we have no doubt that the order of transfer was justified; hence we need not discuss the second. Section 322 of the Act, 11 U.S.C.A. § 722, permits a debtor to file an arrangement petition "with the court which would have jurisdiction of a petition for his adjudication." Under section 2, sub. a(1), 11 U.S.C.A. § 11, sub. a(1), a petition for adjudication may be filed in the district where the bankrupt had his domicile or principal place of business for the preceding six months, "or for a longer portion of the preceding six months than in any other jurisdiction". The debtor is a Pennsylvania corporation; its manufacturing plant and substantially all its assets are located in Conshohocken within the territorial limits of the court to which the case has been transferred; its officers and directors reside in Pennsylvania, and its books and records are kept there. It maintains in New York City a small sales office "where all its sales are consummated," and it has factored accounts receivable with factors located here. A few weeks before filing its petition it closed its accounts in other banks and opened one with a New York bank. Relying upon Capitol Motor Courts v. LeBlanc Corp., 2 Cir., 201 F.2d 356, the debtor contends that its "financial heart" is within the Southern District of New York. That case has no application to the facts of the case at bar. We think it clear that this debtor's principal place of business for the preceding six months was in Pennsylvania.

■ On oral argument the appellee raised a question as to our appellate jurisdiction. In bankruptcy appellate jurisdiction exists as to interlocutory orders as well as final orders. 11 U.S.C.A. § 47, sub. a; Cohen v. Eleven West 42nd Street, 2 Cir., 115 F.2d 531, 533.

The order is affirmed.

1. 11 U.S.C.A. § 55 reads:

"(a) In the event petitions are filed by or against the same person or by or against different members of a partnership, in different courts of bankruptcy each of which has jurisdiction, the cases shall, by order of the court first acquiring jurisdiction, be transferred to and consolidated in the court which can proceed with the same for the greatest convenience of parties in interest.

"(b) Where venue in any case filed under this title is laid in the wrong court of bankruptcy, the judge may, in the interest of justice, upon timely and sufficient objection to venue being made, transfer the case to any other court of bankruptcy in which it could have been brought.

"(c) The judge may transfer any case under this title to a court of bankruptcy in any other district, regardless of the location of the principal assets of the bankrupt, or his principal place of business, or his residence, if the interests of the parties will be best served by such transfer."