**L. F. POPELL CO., Inc., Debtor, Appellant,**

v.

**DELTA AIRLINES, INC., and J. Thomas Callahan Advertising Inc., Appellees.**

**No. 421, Docket 28453.**

United States Court of Appeals Second Circuit.

Argued Sept. 18, 1963.

Decided Sept. 18, 1963.

Edmund C. Grainger, Jr., New York City (O'Brien, Driscoll & Raftery, New York City, of counsel), for debtor-appellant.

Chauncey H. Levy, New York City (Levy, Levy & Ruback), New York City, for Unofficial Creditors' Committee.

Morton L. Ginsberg, New York City (Elliott L. Krause and Krause, Hirsch, Gross & Heilpern, New York City, of counsel), for creditors-appellees.

Before FRIENDLY, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

The debtor, L. F. Popell Co., Inc., a Florida corporation, has moved for a stay pending determination of its appeal from an order of the District Court for the Southern District of New York which, pursuant to § 32(b) of the Bankruptcy Act, transferred a proceeding under Chapter XI of that Act, begun by the debtor in that district, to the Southern District of Florida where, as the court found, the debtor has its principal place of business.[1] The creditors who sought the transfer have cross-moved to dismiss the appeal as frivolous; a creditors' committee has joined the debtor in objecting to transfer.

1. In contrast to transfer orders under 28 U.S.C. §§ 1404(a) and 1406(a), the order here is appealable since § 24(a) of the Bankruptcy Act includes interlocu-

tory orders in "proceedings in bankruptcy." In re Flexton Corp., 208 F. 2d 869 (2 Cir. 1953).

If the appeal had probable merit, the case would be one where a stay ought be granted. But we are convinced it has none, for the reasons stated in Judge Feinberg's opinion in the District Court. The Southern District of New York was not a district where the debtor had its principal place of business, resided or had its domicile, as provided in § 2 a(1); assuming that the provisions of § 32 are sufficient to have allowed retention, the judge in no way abused his discretion in finding that the interests of the parties would not be "best served" thereby. Accordingly we affirm the order of transfer and thereby render both motions moot.

Affirmed. The mandate will issue forthwith.