In the Matter of **MERLE'S INC.**, a Washington corporation, d/b/a Merle's Fine Foods and Merle's Drive In, Bankrupt.

**J. P. TONKOFF**, Creditor, Petitioner-Appellant,

v.

**C. C. SYNOGROUND**, Trustee and **P. D. Q.** Frozen Foods, Inc., et al., Petitioning Creditors, Appellees.

No. 72-2565.

United States Court of Appeals, Ninth Circuit.

July 18, 1973.

J. Peter Tonkoff (argued), Yakima, Wash., for petitioner-appellant.

John A. Rossmeissl (argued), Morris G. Shore, of Velikanje, Moore, Countryman & Shore, Yakima, Wash., for appellees.

Before BARNES and CHOY, Circuit Judges, and MURRAY,* District Judge.

PER CURIAM:

This appeal involves a quarrel between the trustee in bankruptcy and Tonkoff concerning the right and title to property claimed. On the 15th of January, 1971, appellant took possession of the property to secure his loan and continued in possession; paying the monthly installments, taxes and the insurance. On March 26, 1971, the Superior Court of Yakima County quieted the bankrupt's title to the real and personal property involved in the appellant. On

March 25, 1971, three unsecured creditors filed a petition for involuntary bankruptcy of this bankrupt. Mr. Kirschenmann was appointed Receiver. Appellant assured Mr. Kirschenmann that the assets in possession of appellant would be preserved and dealt with in accordance with any court order pertaining to the same if the Receiver would not interfere with the operation of the restaurant so that rental could be applied to meet the monthly payments. Appellant Tonkoff and Mr. Kirschenmann entered into negotiations for settlement of the bankruptcy estate's claim against Tonkoff. They resolved to settle the claim for a $5,000 payment from Tonkoff to the estate. This settlement of the claim was approved by Referee in Bankruptcy, Mr. Kerley. This approval was given without notice to the creditors. When the creditors discovered that the compromise of claim had been entered into, they immediately petitioned the court to vacate the order approving the compromise. A full evidentiary hearing was held before Referee Kerley and he determined that the order previously entered should be vacated and the trustee be given leave to institute suit against Tonkoff to recover the property. Tonkoff filed a petition for review of Referee Kerley's order setting aside the original compromise order. Judge Powell denied the review and the order setting aside the compromise order was affirmed. It is from this denial that Tonkoff appeals.

Under subdivision (a) of 11 U.S.C. § 47, appeals will lie from either final or interlocutory decrees or orders entered in "proceedings in bankruptcy". On the other hand, appeals from orders or decrees entered in "controversies arising in proceedings in bankruptcy" may generally be taken only when those orders or decrees are final. Colliers, Vol. 2, Sec. 24, P. 735.

The Fifth Circuit held in Hamilton-Brown Co. v. Ben L. Berwald

* Honorable W. D. Murray, Senior United States District Judge, District of Montana, sitting by designation.

**1018**

Shoe Co., 10 F.2d 275 (5th Cir. 1926) that an order approving an offer of compromise involved a "controversy arising in proceedings in bankruptcy". Likewise, an order disapproving an offer of compromise involves a "controversy" in that it entails matters arising in the course of a bankruptcy proceeding which are not mere steps in the administration of the estate, but which give rise to distinct and separable issues between trustees and adverse claimants, concerning the right and title to bankrupt's property. Colliers, supra, p. 767, Harrison v. Chamberlain, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 191. Quarrels about what belongs in the bankrupt's estate are plainly controversies rather than "proceedings". Moore's Federal Practice, (2d Ed.) Vol. 9, Sec. 110.19(5) p. 222.

Since the order in question involves a "controversy" rather than a "proceeding", this court has jurisdiction to review only if the order is final and not interlocutory. A final order has been defined as follows: "A decision which finally determines the rights of parties to secure in that suit the relief they seek is a 'final decision'." Colliers, *supra*, p. 787. An interlocutory order or decree is one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits. Collier, *supra*, p. 792, citing Goldie v. Carr, 116 F.2d 335 (9th Cir. 1940).

An order approving a compromise, such as the one in *Hamilton-Brown, supra,* is final because it finally determines the rights of the parties. An order disapproving a compromise, however, is not final. It determines no rights and settles no issues. It merely leaves the question open for future adjudication.

To be reviewable, an order involving "controversy" must have the character of a formal exercise of judicial power affecting the asserted rights of a party; it must substantially determine some issue. Judge Powell's order had no such finality.

11 U.S.C. § 47(a) confers no jurisdiction on this court to review interlocutory orders involving "controversies"; the appeal is therefore dismissed for lack of jurisdiction.