In the Matter of Young Properties Corporation, a California Corporation, and its affiliates, Debtors.

**YOUNG PROPERTIES CORPORATION, Debtor in Possession, Plaintiff-Appellee,**

v.

**UNITED EQUITY CORPORATION and Edward Granville-Smith, Defendants-Appellants.**

No. 75–2553.

United States Court of Appeals, Ninth Circuit.

April 12, 1976.

William N. Coggins (argued), of Coggins, Fireison & Harman, Silver Springs, Md., for defendants-appellants.

David J. Noonan (argued), of Luce, Forward, Hamilton & Scripps, San Diego, Cal., for plaintiff-appellee.

## OPINION

Before CARTER, WRIGHT and GOODWIN, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

This is a case of first impression involving the following issue: does the United States Court of Appeals have subject matter jurisdiction to review a district court order denying a motion to transfer an adversary proceeding in bankruptcy to another district? The motion to transfer was made pursuant to Rule 782 of the 1973 Bankruptcy Rules (hereinafter "Rule 782"). We hold that we do not have jurisdiction in this case.

Appellee Young Properties Corporation (hereinafter "Young") filed a petition on October 31, 1973, with the bankruptcy court for the United States District Court for the Southern District of California, for an arrangement under Chapter XI of the Bankruptcy Act (hereinafter the "Act"). The bankruptcy court authorized Young to remain in possession of its businesses and to operate the same as a debtor in possession. As a debtor in possession Young was vested by § 342 of the Act [11 U.S.C. § 742] with the title and powers of a trustee appointed under the Act.

Roughly one year later, on October 24, 1974, Young filed a complaint against defendants-appellants United Equity Corporation (hereinafter "United") and Edward Granville-Smith, president of United, and against defendants EFM Financial Corporation and Edward F. Meyers, chairman and owner of EFM. Meyers and EFM are not parties to this appeal.

The complaint sought, in six causes of action, damages for breach of contract, for constructive and express trust, and on a common count. The complaint alleged that on September 25, 1973, United entered into a contract with a third party for the purchase by United of certain properties located in California. In paragraph 7 of this contract United agreed to pay Young a fee of $70,500 on December 31, 1973, for services rendered by Young to United as a finder in connection with the purchase of the property. United never paid the $70,500 to Young.

On December 4, 1974, appellants United and Granville-Smith timely filed a motion to transfer the adversary proceeding from the Southern District of California to the District of Maryland, pursuant to Rule 782. Rule 782 reads:

"Upon notice and hearing afforded the parties, any adversary proceeding may in the interest of justice and for the convenience of the parties, be transferred by the court to any other district and shall thereafter continue as if originally filed in such district. An adversary proceeding transferred under this rule shall be referred to a referee by the clerk of the court to which it has been transferred."

In United's motion, accompanied by an affidavit of president Granville-Smith, it was stated that United is a Delaware corporation, has its principal place of business in Maryland, and does not regularly do business in California. It was alleged that to compel United to defend this action in California would work an undue hardship.

Young opposed the motion, essentially on the grounds that it had no relation to Maryland and that prospective witnesses resided in California. Upon a hearing the bankruptcy judge denied the motion to transfer.

United and Granville-Smith petitioned to review this order in the district court. For the reasons stated by the district court, 394 F.Supp. 1243 (S.D.Cal.1975), the denial of the motion to transfer was affirmed.

I. *Jurisdiction of the Court of Appeals Over Bankruptcy Matters.*

■ The court of appeals is a court of limited jurisdiction, and its jurisdiction is expressly provided for by statute. It is soundly stated in *Grace v. American Central Ins. Co.*, 109 U.S. 278, 283, 3 S.Ct. 207, 210, 27 L.Ed. 932, 934 (1883) that,

"As the jurisdiction of the Circuit Court is limited, in the sense that it has no

other jurisdiction than that conferred by the constitution and laws of the United States, the presumption is that a cause is without its jurisdiction unless the contrary affirmatively appears." (citations omitted)

The source of jurisdiction of the court of appeals in bankruptcy matters arising from the district court sitting as a bankruptcy court is § 24a of the Act [11 U.S.C. § 47a, hereinafter "§ 24a"]. Section 24a reads, in the part relevant to this case:

"The United States courts of appeals, in vacation, in chambers, and during their respective terms, as now or as they may be hereafter held, are invested with appellate jurisdiction from the several courts of bankruptcy in their respective jurisdictions in *proceedings* in bankruptcy, either interlocutory or final, and in *controversies* arising in proceedings in bankruptcy, to review, affirm, revise, or reverse, both in matters of law and in matters of fact. . . ." (emphasis added)

■ Section 24a, enacted by the 1938 Chandler Act, has uniformly been interpreted by the courts and treatises to distinguish the appealability of "proceedings" from the appealability of "controversies". With respect to *interlocutory orders* an appeal will lie from a "proceeding" in bankruptcy but not from a "controversy."

2 Collier on Bankruptcy, ¶ 24.27[2] (14th Ed., rev. 1975), at 762 states,

"[T]he 1938 Act maintains the long existing distinction between 'controversies arising in proceedings in bankruptcy' and 'proceedings in bankruptcy' so as to make only *final* orders in 'controversies' appealable, as contrasted with the right con-

ferred by the Act to appeal from both final and interlocutory orders entered in 'proceedings.' "

In accord is 9 Moore's Federal Practice, ¶ 110.19[5] (2d Ed., rev. 1975), at 222:

"Simply put, and for the sake of simplicity putting aside the jurisdictional sum requirement, an interlocutory order in a proceeding in bankruptcy is appealable; an interlocutory order in a controversy in a proceeding in bankruptcy is appealable only if by virtue of some provision of 28 U.S.C. § 1292." [1]

Not surprisingly, the case law of this and other circuits agree. As recently as 1973, in *In re Merle's Inc.*, 481 F.2d 1016, 1017 (9 Cir. 1973), our court has held,

"Under subdivision (a) of 11 U.S.C. § 47 [§ 24a of the Act], appeals will lie from either final or interlocutory decrees or orders entered in 'proceedings in bankruptcy'. On the other hand, appeals from orders or decrees entered in 'controversies arising in proceedings in bankruptcy' may generally be taken only when those orders or decrees are final." (citation omitted) [2]

*Accord, Diamond Door Co. v. Lane-Stanton Lumber Co.*, 505 F.2d 1199, 1202–03, n.4 (9 Cir. 1974), *Trieber v. England*, 237 F.2d 117, 118 (9 Cir. 1956), *cert. den.*, 352 U.S. 967, 77 S.Ct. 356, 1 L.Ed.2d 322 (1957), *Petersen v. Sampsell*, 170 F.2d 555, 556 (9 Cir. 1948), and *Goldie v. Carr*, 116 F.2d 335, 336 (9 Cir. 1940). For an exhaustive list of cases supporting this rule *see* 2 Collier, ¶ 24.04[2], n.35, at 717. *Also see* cases cited in 11 U.S.C.A. § 47, Notes 13, 14 and 15 (West 1953 and 1976 pocket part).

Thus the law compels us to address these two questions: (1) is the order appealed from an interlocutory order, and (2) is the

1. Appellate jurisdiction by virtue of 28 U.S.C. § 1292 exists in bankruptcy matters (1) for the granting or denying of injunctions, under § 1292(a)(1) [*see McAvoy v. United States*, 178 F.2d 353, 355 (2 Cir. 1940), 9 *Moore's*, ¶ 110.- 19[5] at 222 n.3, and 2 *Collier*, ¶ 24.27[2.1] at 762.1–64]; and (2) possibly under § 1292(b) for a certification of a "controlling question" by a district judge [*see* 9 *Moore's*, ¶ 110.22[2] at 259 n.7, and *Pettit v. Olean Industries, Inc.*, 266

F.2d 833, 840 (2 Cir. 1959), J. Lumbard dissenting].

2. Exceptions to the general rule—exceptions which are not applicable to the case at bar— are injunctions and certifications of controlling questions under 28 U.S.C. § 1292 (*see supra*, note [1]) and extraordinary writs under 28 U.S.C. §. 1651 (*see infra*, text accompanying note 8).

case a "controversy" or a "proceeding" in bankruptcy. If we conclude that the order is interlocutory and it involves a controversy, we have no jurisdiction.

## II. *The Order is Interlocutory.*

Since this appeal is the first case involving a review of a denial of a Rule 782 motion, the question of whether such an order is interlocutory for the purpose of § 24a appellate jurisdiction has not yet arisen.

■ The principle generally utilized to distinguish a final order from an interlocutory order is given in *Merle's, supra*, 481 F.2d at 1018:

"A final order has been defined as follows: 'A decision which finally determines the rights of parties to secure in that suit the relief they seek is a "final decision".' [citation omitted] An interlocutory order or decree is one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." (citations omitted)

■ Applying this principle to the case at bar, we conclude that the order is interlocutory. All that has been decided is that the breach of contract trial will commence in the Southern District of California and not in the District of Maryland. The merit of the dispute—whether a breach of contract occurred—has not been reached.

An additional reason for our conclusion is that in other areas of the law where an order denying or permitting a transfer of a case has been appealed, such an order has been held to be interlocutory. We consider two instances: § 32 of the Bankruptcy Act [11 U.S.C. § 55] and 28 U.S.C. §§ 1404(a) and 1406(a). We cite these examples only for the purpose of defining an "interlocutory order".

Section 32 of the Bankruptcy Act [11 U.S.C. § 55, hereinafter "§ 32"], as revised by Rule 116 of the 1973 Bankruptcy Rules, provides for the transfer of an entire bankruptcy proceeding to any other district, in such cases where the petition was filed in the wrong district or where the interest of justice and the convenience of the parties merit the transfer.[3]

3. Rule 116(b) and (c), 1973 Bankruptcy Rules, which supersede § 32 of the Act [11 U.S.C. § 55], read as follows:

"(b) *Transfer of Cases; Dismissal or Retention When Venue Improper*

(1) *When Venue Proper.* Although a petition is filed in accordance with subdivision (a) of this rule, the court may, after hearing on notice to the petitioner or petitioners and such other persons as it may direct, in the interest of justice and for the convenience of the parties, transfer the case to any other district. The transfer may be ordered at or before the first meeting of creditors either on the court's own initiative or on motion of a party in interest but thereafter only on a timely motion.

(2) *When Venue Improper.* If a petition is filed in a wrong district, the court may, after hearing on notice to the petitioner or petitioners and such other persons as it may direct, dismiss the case or, in the interest of justice and for the convenience of the parties, retain the case or transfer it to any other district. Such an order may be made at or before the first meeting of creditors either on the court's own initiative or on motion of a party in interest but thereafter only on a timely motion. Notwithstanding the foregoing, the court may without a hearing retain a case filed in a wrong district if no objection is raised.

"(c) *Procedure When Petitions Involving the Same Bankrupt or Related Bankrupts Are Filed in Different Courts.* If petitions commencing bankruptcy cases or a bankruptcy case and any other case under the Act are filed in different districts by or against (1) the same bankrupt, or (2) a partnership and one or more of its general partners, or (3) 2 or more general partners, or (4) a bankrupt and an affiliate, the court in which the first petition is filed shall, after hearing on motion and notice to the petitioners and such other persons as the court may designate, determine the court or courts in which the case or cases should proceed in the interest of justice and for the convenience of the parties. The proceedings on the other petitions shall be stayed by the courts in which such petitions have been filed until such determination is made. Thereafter all the courts in which petitions have been filed shall proceed in accordance with the determination.

(d) *Reference of Transferred Cases.* A case transferred under this rule shall, in accordance with Rule 102(a), be referred by the clerk of the district court to which it has been transferred."

An order denying or permitting such a transfer has been held to be interlocutory. *In re Flexton Corp.*, 208 F.2d 869, 870 (2 Cir. 1953). *See* 2 Collier, ¶ 24.38[2] at 794–95, text accompanying note 39. We recognize that appellate jurisdiction in *Flexton* was proper even though the order appealed from was interlocutory, because the case involved a "proceeding" and not a "controversy". *See infra*, distinguishing "proceeding" from "controversy".

28 U.S.C. § 1404(a) authorizes a district court to transfer for "the convenience of parties and witnesses, and in the interest of justice" any civil action to any other district where the action might have been brought.[4] 28 U.S.C. § 1406(a) permits a dismissal or a similar transfer if an action is brought laying venue in the wrong district or division.[5]

As to these two sections, 9 Moore's, ¶ 110.13[6], at 173 states the general rule:

"An order dismissing an action for improper venue or under the doctrine of forum non conveniens is a final order and is appealable. But an order transferring or refusing to transfer an action to another district or division is an interlocutory order and is non-appealable except by certification under 28 U.S.C. § 1292(b)." (footnotes omitted)

*Accord, Shapiro v. Bonanza Hotel Co.*, 185 F.2d 777, 778–79 (9 Cir. 1950). The Ninth Circuit, along with other circuits, has continued to hold that orders respecting venue entered under § 1404(a) and § 1406(a) are interlocutory in nature. *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 951 (9 Cir. 1968). *See also* cases cited in *Pac. Car, id.*, n.4 and n.5; and cases cited in 9 Moore's, *id.*, n.3.

We hold that an order denying a transfer under Rule 782 similarly should be held to be interlocutory.[6]

III. *The Order Arose From a "Controversy" and Not From a "Proceeding".*

■ The principle uniformly used to distinguish a "proceeding" from a "controversy" was stated in the case of *Tefft, Weller & Co. v. Munsuri*, 222 U.S. 114, 118, 32 S.Ct. 67, 69, 56 L.Ed. 118, 120 (1911):

"*[C]ontroversies* in bankruptcy proceedings as used in the section do not include mere steps in proceedings in bankruptcy, but embrace controversies which are not of that inherent character, even although they may arise in the course of *proceedings* in bankruptcy." (emphasis added)

The distinction is more specifically stated in *Snow v. Dalton*, 203 F. 843, 844 (4 Cir. 1913):

"[The term controversies] must be limited to cases where third parties claim not *in and under* the administration of the

---

**4.** 28 U.S.C. § 1404(a) reads in full as follows:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

**5.** 28 U.S.C. § 1406(a) reads in full as follows:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

**6.** Additional examples of orders arising in bankruptcy which have been held to be interlocutory are given in 2 *Collier*, ¶ 24.38[2] at 792–95. Included in the list are the following: an order denying defendant's motion for summary judgment (*id.* at 794, text accompanying n.35); an order under the former federal practice denying a motion to transfer a suit from equity to the law side of the court and to

provide for a jury trial (*id.*, accompanying n.32); an order affirming a referee's order disallowing claims for the present without prejudice to the claimant's right to present the claim subsequently (*id.* at 793, accompanying n.23), and an order denying a motion to dismiss a petition for review of a referee's judgment (*id.* at 795, accompanying n.40).

As a contrast to the above orders, 2 *Collier*, ¶ 24.38[1] at 790–91, also lists orders which courts have held to be "final". Included in the list of final orders are the following: an order quashing service of process upon some defendants who are not claimed to be jointly liable (*id.* at 790, accompanying n.8); an order providing for the distribution of the proceeds obtained from the sale of securities (*id.* accompanying n.10); an order punishing a bankrupt for contempt and directing his imprisonment (*id.* at 790–91, accompanying n.12), and an order refusing to vacate a permanent injunction (*id.* at 971, accompanying n.14).

bankrupt's estate in bankruptcy, but, on the contrary, assert some right hostile to the title of the trustee or going to the right of the court to administer the particular estate in the bankruptcy case."

This language from *Snow* was quoted in *In re Nat'l Fin. & Mort. Corp.*, 96 F.2d 74, 75 (9 Cir. 1938) and in 2 Collier, ¶ 24.28 at 767.

Stated succinctly, the rule is, "Quarrels about what belongs in the bankrupt estate are plainly controversies rather than 'proceedings.'" 9 Moore's, ¶ 110.19[5] at 225. This quote appears in *Merle's, supra,* 481 F.2d at 1018.

Specific examples of both "proceedings" and "controversies" are given by Collier. "Proceedings" include the following: the selection of the various bankruptcy officials (2 Collier, ¶ 24.13[1] at 738), the determination of the fee to be paid to the bankruptcy officials (*id.,* ¶ 24.14 at 740), an order directing an examination of a debtor's books (*id.,* ¶ 24.16 at 741), the question of exemptions (*id.,* ¶ 24.17 at 742), and orders for the sale and disposition of the property of the bankrupt (*id.,* ¶ 24.18 at 743).

The list of "controversies" includes the following: a proceeding to determine the right to assigned accounts (2 Collier, ¶ 24.29 at 771), a proceeding by a trustee to determine his rights as against a testamentary trustee (*id.*) and an order denying a bankrupt's wife the proceeds of a fire insurance policy in the hands of the trustee (*id.*).

One specific example of a controversy which is similar to the case at bar, in that it involves a contract dispute, in *Goldie v. Carr,* 116 F.2d 335 (9 Cir. 1940). In *Goldie* a receiver petitioned the bankruptcy court for a summary judgment to compel Goldie to turn over certain corporate shares and moneys alleged to be held in trust for the debtor's estate. The court in *Goldie* characterized the claim as follows:

"In substance and effect the petition appears to be one to enforce performance of a contract to deliver shares of stock and to recover money alleged to be due and payable to the estate."

The subject of the appeal was the bankruptcy court's order overruling Goldie's objection to the jurisdiction of the court to proceed summarily. The court of appeals held that the case was a "controversy", the order was "plainly interlocutory", and hence the court had no jurisdiction over the appeal.

In accord with *Goldie* are *Petersen v. Sampsell,* 170 F.2d 555 (9 Cir. 1948) (a dispute between the trustee and Petersen as to who owned certain property on the date of the filing of the petition in bankruptcy; *Trieber v. England,* 237 F.2d 117, 118 (9 Cir. 1956), *cert. den.,* 352 U.S. 967, 77 S.Ct. 356, 1 L.Ed.2d 322) (same dispute as in *Petersen, supra* ); and *Merle's, supra,* 481 F.2d 1016 (a dispute similar to that in *Petersen, supra,* which resulted in a compromise, which compromise was set aside by the bankruptcy court upon motion by unsecured creditors of the bankrupt). *Accord, Harrison v. Chamberlin,* 271 U.S. 191, 193, 46 S.Ct. 467, 468, 70 L.Ed. 897, 899 (1926); and 2 Collier, ¶ 24.30 at 773 entitled, "Turnover Orders Against Adverse Claimants."

The case at bar involves a contract dispute as in *Goldie.* Young claims that United has breached a contract, to Young's detriment. Young seeks damages, which damages would be included in the property subject to the bankruptcy court's jurisdiction. United makes no claim to share in Young's estate in bankruptcy; to the contrary, United only claims not to be indebted to Young on the contract.

We therefore conclude that (1) the order refusing to transfer an adversary proceeding is an interlocutory order, and (2) this case is a "controversy", not a "proceeding", in bankruptcy. We therefore hold that § 24a of the Act does not give us jurisdiction.

IV. *The Advisory Committee's Note to Rule 782 is Erroneous.*

Our holding is contrary to the result recommended by the Advisory Committee to Rule 782. The Committee's Note reads, in part:

"An order transferring or retaining a case under § 32 of the Act is reviewable on appeal. [citations omitted] An order transferring or retaining an adversary proceeding under this rule should likewise be reviewable by appeal."

The Committee erred in its comparison of appeals under Rule 782 to appeals under § 32 of the Act. It is true that both orders are "interlocutory". (*See* opinion, *supra*, at 851, 852) However, the Committee ignored the fact, crucial to our jurisdiction under § 24a of the Act, that the § 32 cases involved "proceedings" in bankruptcy and not "controversies". One could hardly imagine any issue more in the normal range of bankruptcy administration than where the entire proceeding itself will take place—the issue involved in the § 32 cases. *See, e.g., Flexton, supra*, 208 F.2d 869, 870; 2 Collier, ¶ 24.38[2] at 794–95, text accompanying note 39.[7] Since the § 32 cases involved "proceedings", jurisdiction in the court of appeals was proper even though the cases involved interlocutory orders.

We conclude that the Committee's Note conflicts with § 24a of the Act, and we therefore disregard the Note.

### V. *Mandamus does not lie in this case.*

 We note that while we have no direct appellate jurisdiction in this case, we are nevertheless empowered to treat this appeal as though it were a petition for a writ of mandamus made pursuant to 28 U.S.C. § 1651.[8] *Shapiro v. Bonanza Hotel Co., supra*, 185 F.2d 777, 779. We further note that under the law of this circuit we are empowered, through power of mandamus, to review district court actions which are "clearly erroneous", *Pac. Car, supra*, 403 F.2d 949, 951–52, under "compelling circum-

stances", *Kasey v. Molybdenum Corp. of Am.*, 408 F.2d 16, 19–20 (9 Cir. 1969).

 We conclude, however, that no such clear abuse of discretion exists in this case. The district court weighed the proper factors in deciding not to transfer this case to the District of Maryland, to which state the plaintiff and two of the defendants have few contacts.

THE APPEAL IS DISMISSED.

---

**7.** *See also, e. g., Bass v. Hutchins*, 417 F.2d 692 (5 Cir. 1969); *Hawaiian Investors v. Thorndal*, 339 F.2d 807 (8 Cir. 1965); *L. F. Popell Co., Inc. v. Delta Airlines, Inc.*, 323 F.2d 50 (2 Cir. 1963); *In re S.O.S. Sheet Metal Co.*, 297 F.2d 32 (2 Cir. 1961); *Haas v. Gerstel*, 134 F.2d 803 (5 Cir. 1943), and *Jackson v. Lynch*, 111 F.2d 1003 (9 Cir. 1940), *cert. den.*, 311 U.S. 674, 61 S.Ct. 39, 85 L.Ed. 433 (1940).

**8.** 28 U.S.C. § 1651, "Writs", reads in full as follows:

"(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

"(b) An alternative writ or rule nisi may be issued by a justice of a court which has jurisdiction."