**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re:                                  )  BAP No.   NC-15-1206-BSKu
                                        )
MONICA HUJAZI,                          )  Bk. No.   13-30477-HLB
                                        )
              Debtor.                   )
_____        )
                                        )
MONICA HUJAZI,                          )
                                        )
              Appellant,                )
                                        )  **M E M O R A N D U M**[1]
v.                                      )
                                        )
E. LYNN SCHOENMANN, Chapter             )
7 Trustee,                              )
                                        )
              Appellee.                 )
_____)

Argued on January 19, 2017
at San Francisco, California

Submitted on February 23, 2017

Filed - July 12, 2017

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Hannah L. Blumenstiel, Bankruptcy Judge, Presiding

Appearances:     Bradley Kass of Kass & Kass Law Offices argued for
                 appellant Monica Hujazi; Thomas F. Koegel of
                 Crowell & Moring LLP argued for appellee E. Lynn
                 Schoenmann, Chapter 7 Trustee.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Before: BRAND, SPRAKER[2] and KURTZ, Bankruptcy Judges.

Former alleged debtor Monica Hujazi appeals an order denying her motion against the chapter 7[3] trustee in a related debtor's case for violation of the automatic stay. The related debtor, the Zuercher Trust of 1999, was a business trust owned by Hujazi. The former chapter 11 trustee for the Zuercher Trust had filed seven adversary proceedings, two of which were filed against Hujazi individually, in the Zuercher Trust case without obtaining relief from stay in Hujazi's involuntary bankruptcy case. Hujazi objected, contending that the filing of all seven adversary proceedings violated the stay. The bankruptcy court disagreed, holding that, because the adversary proceedings were filed in the same bankruptcy court where Hujazi's bankruptcy case was pending, the trustee's actions had not violated the stay.

Prior to this appeal, the Zuercher Trust case was converted to chapter 7. E. Lynn Schoenmann was appointed as the chapter 7 trustee of its estate. Subsequent to this appeal, an order for relief was entered in Hujazi's case and Janina Hoskins was appointed as the chapter 7 trustee of her estate. The two chapter 7 trustees then entered into a global settlement agreement, which resolved all issues between the estates, including the adversary proceedings that are the subject of this appeal. The settlement order was not appealed.

---

[2] Hon. Gary A. Spraker, Chief Bankruptcy Judge for the District of Alaska, sitting by designation.

[3] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

We deferred submission of Hujazi's appeal for the parties to brief the issue of whether the appeal was now moot due to the settlement. Upon consideration of those briefs, we conclude that the appeal is MOOT. In addition, we conclude that Hujazi lacks standing to appeal the bankruptcy court's order with respect to the five adversary proceedings that were not filed against her individually. We DISMISS.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

## A. Events leading to the motion at issue

Some background is necessary to put this appeal into context. In September 2012, Hujazi caused a chapter 11 bankruptcy case to be filed for the Zuercher Trust. Hujazi formed the Zuercher Trust as a business trust to own and develop real estate in California; she is its trustee and sole beneficiary. The Zuercher Trust case was assigned to and is currently pending before Judge Blumenstiel.

On March 1, 2013, an involuntary chapter 7 bankruptcy case was filed against Hujazi by petitioning creditors Recoverex Corp., Michael E. Grodsky, Allen Hyman and the Law Firm of Harold Greenberg, all of whom had filed claims in the Zuercher Trust case. Hujazi's involuntary case was also assigned to Judge Blumenstiel.

Prior to the conversion of the Zuercher Trust case, the former chapter 11 trustee filed seven adversary proceedings in that case to recover property allegedly fraudulently transferred by the Zuercher Trust and Hujazi out of the Zuercher Trust estate. The first of the adversary proceedings was filed on March 19, 2013, just days after the filing of the Hujazi involuntary; the remainder were filed in September 2014. The seven adversary

-3-

proceedings at issue are:

1.    13-03046 — Kravitz v. Peninsula Commons, LLC

2.    14-03117 — Kravitz v. Monica Hujazi

3.    14-03118 — Kravitz v. Monica Hujazi

4.    14-03119 — Kravitz v. Bay Cities Fin. Corp.

5.    14-03120 — Kravitz v. M & J Real Estate Appraisal

6.    14-03122 — Kravitz v. Brownstone Lofts, LLC

7     14-03124 — Kravitz v. Emerald Square, LLC

**B.    Hujazi's motion for violation of the automatic stay**

Prior to the entry of the order for relief in her bankruptcy, Hujazi filed a motion against Trustee Schoenmann, alleging that the seven adversary proceedings filed in the Zuercher Trust case had been filed and/or pursued in violation of the automatic stay effective in Hujazi's case (the "Challenged APs"). Hujazi's one-and-one-half page brief failed to explain how, or otherwise support her contention that, the Challenged APs had violated the stay, arguing only that they had and were void as a result. Hujazi requested that the court strike the complaints and dismiss the Challenged APs.

Trustee Schoenmann opposed the motion. She first noted that Hujazi was named as a defendant in only two of the seven Challenged APs; thus, she lacked standing to raise a stay violation claim as to the other five. Trustee Schoenmann further argued that, because the Challenged APs were filed in the "home bankruptcy court" of Hujazi, they fell within an exception to the automatic stay. For her argument, Trustee Schoenmann relied on Prewitt v. North Coast Village, Ltd. (In re North Coast Village, Ltd.), 135 B.R. 641, 643 (9th Cir. BAP 1992), where the Panel held

-4-

that "the stay does not apply to proceedings commenced against the debtor in the bankruptcy court where the debtor's bankruptcy case is pending." Alternatively, Trustee Schoenmann requested that the bankruptcy court grant retroactive annulment of the automatic stay under § 362(d)(1) for cause.

Hujazi disputed Trustee Schoenmann's interpretation of the holding in North Coast Village, arguing that it did not define "home bankruptcy court" as being the "courthouse." Rather, the phrase meant the "actual case" in which the party is seeking to take some type of action. Thus, argued Hujazi, the former chapter 11 trustee was required to obtain relief from stay before filing the Challenged APs in the Zuercher Trust case against her.

**C. The bankruptcy court's ruling on Hujazi's motion**

At the hearing on Hujazi's motion, the bankruptcy court expressed its disagreement with Hujazi's interpretation of the case law, concluding that the automatic stay did not apply to proceedings filed against the debtor in the "same bankruptcy court" where the debtor's bankruptcy case is pending. The court also noted Hujazi's failure to address that she was not even a defendant in five of the Challenged APs.

Hujazi timely appealed the bankruptcy court's order denying her motion for violation of the automatic stay.

**D. Events subsequent to the appeal**

On November 30, 2015, the bankruptcy court entered an order for relief in Hujazi's individual bankruptcy case. As noted, Trustee Hoskins was appointed as the chapter 7 trustee.

On July 11, 2016, Trustees Schoenmann and Hoskins entered into a settlement agreement resolving all disputes between the

-5-

Zuercher Trust and Hujazi bankruptcy estates. Over Hujazi's objection, the bankruptcy court approved the settlement in both cases on August 11, 2016. The settlement required dismissal of the Challenged APs with prejudice. No party appealed the settlement order.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(O). We discuss our jurisdiction below.

## III. ISSUES

1. Does Hujazi have standing to appeal the order denying her motion with respect to the five Challenged APs not naming her as a defendant?

2. Is the appeal moot?

3. If the appeal is not moot, does the Ninth Circuit's "home court" rule, which excepts from the automatic stay those actions "against the debtor in the bankruptcy court where the debtor's bankruptcy case is pending," include actions against the debtor in a different but related bankruptcy case pending before the same court?

## IV. STANDARDS OF REVIEW

We review de novo our own jurisdiction, including questions of standing and mootness. Palmdale Hills Prop., LLC v. Lehman Comm. Paper, Inc. (In re Palmdale Hills Prop., LLC), 654 F.3d 868, 873 (9th Cir. 2011) (standing); Suter v. Goedert, 504 F.3d 982, 985 (9th Cir. 2007) (mootness).

"Whether the automatic stay provisions of 11 U.S.C. § 362(a) have been violated is a question of law reviewed de novo." Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, 1213 (9th Cir.

-6-

2002) (citing Cal. Emp't Dev. Dep't v. Taxel (In re Del Mission), 98 F.3d 1147, 1150 (9th Cir. 1996)).  However, whether a party has willfully violated the automatic stay is a question of fact reviewed for clear error.  Id. (citing McHenry v. Key Bank (In re McHenry), 179 B.R. 165, 167 (9th Cir. BAP 1995)).

**V.  DISCUSSION**

**A.  Hujazi lacks standing to appeal the order with respect to the five adversary proceedings not filed against her.**

"A federal court may exercise jurisdiction over a litigant only when that litigant meets constitutional and prudential standing requirements."  Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 906 (9th Cir. BAP 2010) (citing Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004)).  "Standing is a 'threshold question in every federal case, determining the power of the court to entertain the suit.'"  Id. (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)).

Constitutional standing requires an injury in fact, which is caused by or fairly traceable to some conduct or some statutory prohibition, and which the requested relief will likely redress.  Sprint Commc'ns Co. v. APCC Servs., Inc., 554 U.S. 269, 273-74 (2008).  Prudential standing embodies judicially self-imposed limits on the exercise of federal jurisdiction.  Id. at 289.  For prudential standing, the plaintiff must assert its own legal rights and may not assert the legal rights of others.  Id.

Hujazi fails to explain why the filing of five of the seven Challenged APs not naming her as a defendant violated the automatic stay effective in her case or, more importantly, how she had standing to prosecute stay violation claims for parties other

-7-

than herself, especially when those parties are non-debtors and no stay even exists. See Boucher v. Shaw, 572 F.3d 1087, 1092-93 (9th Cir. 2009) (automatic stay protects only the debtor, not non-debtors or their property). She described no individual injury from the five adversary proceedings filed against non-debtor third parties. And, for purposes of this appeal, Hujazi has not shown that she has been "directly and adversely affected pecuniarily" by the bankruptcy court's decision to deny her stay violation motion with respect to the five adversary filings. Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 442 (9th Cir. 1983) (bankruptcy appellate prudential standing doctrine dictates that "[o]nly those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court" have standing to appeal that order).

Accordingly, Hujazi lacks standing to appeal the bankruptcy court's order denying her stay violation motion as to the five adversary proceedings not naming her as the defendant.

**B.     The appeal is moot.**

Hujazi does, however, have standing to appeal the order as it relates to the two Challenged APs in which she is a defendant.[4] Nonetheless, we conclude that her appeal is both constitutionally

---

[4] In response to a clerk's order challenging Hujazi's standing to bring this appeal as a chapter 7 debtor, Hujazi asserted that her estate is a surplus estate. A debtor has standing to challenge a bankruptcy court's order if a surplus estate is likely. Duckor Spradling & Metzger v. Baum Tr. (In re P.R.T.C., Inc.), 177 F.3d 774, 778 n.2 (9th Cir. 1999). Trustee Schoenmann has not disputed Hujazi's surplus estate assertion or her standing in this appeal, at least with respect to the two Challenged APs filed against her. Accordingly, we are satisfied that Hujazi has established standing to appeal the bankruptcy court's order as it relates to these two adversary proceedings.

and equitably moot.

Once the order for relief was entered in Hujazi's case in November 2015, Trustee Hoskins succeeded to whatever rights might have existed for the alleged injury to the Hujazi involuntary estate from the alleged stay violation. As trustee, she could choose to pursue or to settle any claims belonging to the Hujazi involuntary estate. § 323(b); § 704(a)(1); Rule 9019; Hamilton-Brown Shoe Co. v. Ben L. Berwald Shoe Co., 10 F.2d 275, 276 (5th Cir. 1925) (trustee may, with court approval, compromise any controversy concerning the bankrupt estate) (citing the former Bankruptcy Act § 27). Trustee Hoskins chose to settle the fraudulent transfer claims against the Hujazi estate.

The post-appeal settlement agreement entered into by Trustees Schoenmann and Hoskins in July 2016 not only settled all fraudulent transfer disputes between the Zuercher Trust and Hujazi bankruptcy estates and authorized the division and sale of some of the subject properties, it also provided a full, mutual release of any and all claims, known or unknown, between the two estates. The order approving the trustees' settlement was not appealed and is final.

An appeal is constitutionally moot if it has become impossible for the appellate court to fashion meaningful relief. Ederel Sport, Inc. v. Gotcha Int'l L.P. (In re Gotcha Int'l L.P.), 311 B.R. 250, 253 (9th Cir. BAP 2004). If no effective relief is possible, we must dismiss for lack of jurisdiction. Ellis v. Yu (In re Ellis), 523 B.R. 673, 677 (9th Cir. BAP 2014).

Hujazi's appeal is constitutionally moot, because we are unable to provide Hujazi with any of the relief she has

-9-

requested.[5] Even if we determined that a stay violation occurred with the filing of the two adversary proceedings against her, thereby rendering those proceedings void,[6] that does not change the court-approved settlement containing a complete release of any and all claims between the two estates or the division of properties that were the subject of those proceedings. Certainly, no adversary proceedings were even necessary for the trustees to resolve the fraudulent transfer disputes between the two estates.

Hujazi's appeal is also equitably moot. Equitable mootness applies "when a comprehensive change of circumstances has occurred so as to render it inequitable for the appellate court to consider the merits of the appeal." Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 677 F.3d 869, 880 (9th Cir. 2012) (internal quotation marks and citation omitted). For an appeal to be equitably moot, "[t]he question is whether the case presents transactions that are so complex or difficult to unwind that the doctrine of equitable mootness would apply." Id. (internal quotation marks and citation omitted).

As noted by the trustees, the two estates have moved forward with the unstayed settlement and the trustees have sold two of three subject properties to third-party buyers not before this Panel. The sale orders were also neither stayed nor appealed.

---

[5] In response to the Panel's request for briefing on the mootness issue, Huzaji reaffirmed that she seeks to unwind the settlement between the bankruptcy estates and dismissal of the Challenged APs as void.

[6] Actions taken by a party in violation of the automatic stay are void. Griffin v. Wardrobe (In re Wardrobe), 559 F.3d 932, 934 (9th Cir. 2009).

-10-

Therefore, even if we could fashion any sort of effective relief for Hujazi, it would be inequitable, if not impossible, to unwind the sale of those properties. Nor would it be equitable to deprive the Zuercher Trust estate of the benefit of the bargain in a fair and equitable settlement.

## VI. CONCLUSION

Hujazi lacks standing to appeal the order with respect to the five Challenged APs not naming her as a defendant. As to the remaining two Challenged APs filed against her, we conclude that her appeal is MOOT and DISMISS for lack of jurisdiction.[7]

---

[7] Because we are dismissing the appeal for lack of jurisdiction, we do not reach the merits of the bankruptcy court's decision with respect to Hujazi's motion.

-11-